THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT R. CLICK, Defendant-Appellant.

(No. 73-190;

Second District—September 19, 1974.

Farrell & Edgerton, of West Chicago, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Defendant appeals from orders entered by the Circuit Court of Kane County on May 11, 1973, revoking probation and sentencing him to two concurrent, indeterminate terms of 2 to 7 years in the penitentiary system of the Illinois Department of Corrections.

On June 8, 1970, defendant pleaded guilty in the Circuit Court of Kane County to two burglary charges, and on July 3, 1970, upon the State's recommendation, an order was entered granting probation for 60 months. On November 2, 1972, an order of temporary revocation was entered on the State's petition based on the defendant's failure to report monthly since May of 1972 (his whereabouts being unknown), as well as on the pendency of a burglary charge at Belleville, Illinois.

On April 6, 1973, the State filed its petition to revoke probation alleging defendant's failure to comply with the conditions of his probation and further alleging that while on probation he committed five burglaries, one attempted burglary and one theft. After a hearing, the order appealed from was entered.

Defendant contends that the judgment is erroneous because it constituted a breach of a plea bargain between the defendant and the State's Attorney of Kane County, and that such plea bargain must be fulfilled.

The record discloses that on January 11, 1973, the Ogle County Public Defender, then representing the defendant, wrote a letter to the State's Attorney of Kane County stating as follows:

"We are attempting to clear up all matters involving Robert Click and offer this disposition: under Section 1005—4—2, Section B; all the charges can be consolidated in one case and after conferring with our State's Attorney, our Sheriff and Probation Officer together with a full investigation, it is our belief that he be placed on four years probation in Ogle County, the first two years to be served in the Ogle County Public Safety Building. Please inform me as to whether or not you will accept this. The other counties have accepted this procedure."

By letter dated January 22 State's Attorney Dondanville replied as follows:

> "I am in receipt of your letter of January 11, 1973, concerning the above-named defendant. The procedure which you outline in your letter is satisfactory to the State's Attorney's office of Kane County.
>
> As far as the Kane County charges are concerned, please be advised that there are three burglaries, one theft (over $150.00) and one attempt (burglary).
>
> If you wish to proceed and have pleas of guilty entered to these charges as well as those of the other counties, please have your State's Attorney send a formal request to me, together with the necessary documentation by the defendant approving of the procedure, and I shall follow through accordingly."

By letter dated February 1, 1973, Mr. Dondanville wrote to the Ogle County State's Attorney's Office concerning this defendant, stating in part as follows:

> "Please be advised that this date an Order was entered by the Circuit Court of Kane County, directing the Circuit Clerk of Kane County to transmit certified copies of the court papers concerning our five (5) charges against the above-named defendant now in your county.
>
> The Order by its terms provides that upon a final determination of your case, that your Clerk's Office send the Kane County Circuit Clerk a certified copy of each of these Orders. This will allow our Circuit Clerk to close his files."

Pursuant to section 5—4—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2(b)) the Circuit Court of Ogle County continued the prosecution on the five charges referred to in Mr. Dondanville's letter, and other charges in Ogle and St. Clair Counties, and on March 15, 1973, upon the defendant's guilty plea to such charges, entered a judgment order sentencing defendant to separate, concurrent terms of probation for 5 years on each of those charges, commencing March 15, 1973 with specific conditions, and concurrent terms of periodic imprisonment for a period of 2 years with specific conditions.

Thereafter, defendant qualified for the work release program and has been working at a job during the day and spending his nights and weekends in jail, with permission to go home on Sundays to attend church with his wife (who was pregnant), have dinner with her and to return to the jail by 3 P.M. Defendant has also been assisting the Ogle County sheriff in putting on a burglary prevention program in that county. Both the sheriff and the chief probation officer of Ogle County testified that

defendant has demonstrated a sincere desire for rehabilitation. Both requested that probation not be revoked by the Circuit Court of Kane County and that defendant be transferred to Ogle County to go back to his job which was waiting for him. The defendant and the probation officer testified that the defendant pleaded guilty to Kane County offenses believing that all Kane County charges against him were thereby disposed of, and that this was so represented by the State's Attorney of Ogle County to the Circuit Court of Ogle County.

Mr. Dondanville testified that following his letter of January 22 he had an exchange of correspondence with the State's Attorney of Ogle County concerning the charges against the defendant and that it was not until shortly after defendant's guilty plea in Ogle County and the judgment order thereon that he discovered the two cases in Kane County on which petitions to revoke probation were pending and undisposed of in the Circuit Court of Kane County from a report by the Kane County probation officer on which he observed the defendant's name.

Mr. Dondanville also testified concerning the size of his staff, the large volume of felony and misdemeanor cases pending and the rate of filings and dispositions. Prior to writing to the Ogle County State's Attorney he had not made any search of Kane County records as to other charges pending against the defendant beyond those which he was personally familiar with which were listed in his letter of February 1, 1973; and he had not conducted any plea bargains with the defendant or any attorney in his behalf.

Section 5—4—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2(b)) provides in pertinent part as follows:

"A defendant * * * charged, or held in custody in a county other than that in which any other charge is pending against him may state in writing or in court that he desires to plead guilty, to waive trial in the county in which the charge is pending and to consent to disposition of the case in the county in which he is held, * * * or charged, subject to the approval of the State's Attorney for each county. Upon receiving notification from the sentencing court, the clerk of the court in which the charge is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court in which the defendant desires to plead guilty. Thereafter, the prosecution shall continue in that county."

It was pursuant to the foregoing provision that defendant made his plea bargain, as the statute provided, with the Ogle County State's Attorney (not with the Kane County State's Attorney). Morever, the de-

fendant himself certainly was aware of his probation status in Kane County, also that he had not reported to his probation officer there, and that he had violated the conditions of his probation in Kane County. It was incumbent upon him and his attorney to ascertain whether these probation violations (or any petition to revoke such probations) were transmitted to Ogle County and included in the proposed disposition in that county. We, of course, are unable to speculate whether either the State's Attorney of Kane County or the State's Attorney of Ogle County would have approved the proposed disposition effectuated by the order entered in Ogle County March 15, 1973, had they been aware of the defendant's violation of the conditions of the probation granted him in Kane County July 3, 1970.[1]

■■ In any case the probation violation charges in Kane County were not transmitted to the clerk of the Circuit Court of Ogle County or included in the prosecution in that court. The judgment order of the Ogle County Court is in evidence and it lists the five Kane County cases being disposed of by number, and the two cases referred to in this appeal are not listed. The question of whether the defendant would be entitled to any relief in Ogle County based on an alleged breach of an unfulfilled promise made by the State's Attorney of Ogle County is not before us. Defendant's reliance in the instant case on *Santobello v. New York* (1971), 404 U.S. 257, 30 L.Ed.2d 427, 92 S.Ct. 495; *People v. White* (1972), 5 Ill.App.3d 205, and *People v. Pier* (1972), 51 Ill.2d 96, is therefore misplaced. Each of those cases concerned a plea bargaining agreement between the prosecutor and the accused and would be relevant only in relating to any plea bargain the defendant entered into with the State's Attorney of Ogle County. There was no plea bargain here between the defendant and the State's Attorney of Kane County.

Next, the defendant contends that the sentence imposed by the trial court was excessive and urges a reduction of the sentence to conform to that imposed by the Ogle County Circuit Court on March 15, 1973. The trial court here heard testimony of the sheriff and probation officer of Ogle County as to defendant's present progress in the rehabilitation program in that county. However, the court also had before it the defendant's juvenile record of 15 months' confinement in St. Charles School for Boys for two car thefts, the two burglary convictions in 1970 result-

---

[1] This is not to overlook or condone the failure of the State's Attorney of Kane County to examine the records of his office and the Circuit Court for all charges pending there against the defendant. We are aware that this failure may well have been due at least in part to an insufficient staff and an increased workload in his office.

ing in probation (which he violated by failure to report and otherwise), and seven felony convictions resulting in the March 15, 1973, judgment order.

■■ The trial court is normally in a better position than a reviewing court to make a sound determination as to the punishment to be imposed. (*People v. Burbank* (1972), 53 Ill.2d 261, 275.) The sentence imposed was within statutorily prescribed limits and is not in variance with the spirit of the law or improper. *People v. Taylor* (1972), 8 Ill.App.3d 727, 732.

Therefore, the judgment of the Circuit Court of Kane County is affirmed.

Judgment affirmed.

GUILD and SEIDENFELD, JJ., concur.