THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN WANTLAND, Defendant-Appellant.

Fourth District   Nos. 15455, 15456 cons.

Opinion filed November 19, 1979.

Richard J. Wilson and James K. Zerkle, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald Dozier, State's Attorney, of Bloomington (Marc D. Towler and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On June 16, 1976, defendant was convicted in McLean County of forgery and attempted theft. Defendant was sentenced to concurrent terms of 3 years' probation. Among the conditions of probation was that he would not violate any criminal statutes.

On January 18, 1978, defendant, pursuant to a plea agreement,

pleaded guilty to burglary in Vermilion County and was sentenced, on March 10, 1978, to probation with a 1-year periodic imprisonment as a condition of probation. Part of the plea agreement was that the burglary conviction could not be used to revoke defendant's probation in McLean County. The following exchange took place at the sentencing hearing:

"MR. RYAN [Assistant State's Attorney]: The defendant would be guaranteed probation for three years, all of the terms and conditions open and the State would agree not to violate any present probation based on this plea taken here today * * *. No additional charges based on any violations of the law which the State presently has knowledge of would be filed against defendant.
* * *

MR. SERVER [Defense Counsel]: So the record is clear there exists at the present time in the 11th Judicial Circuit for the State of Illinois in McLean County, two criminal matters pending against Mr. Wantland * * *. It is these two particular criminal matters that are included in the agreement here today that will not be violated. He is serving 5 [sic] years' probation on these two charges * * *.

MR. RYAN: I would ask if the Court is aware there is probation in another county.

THE COURT: Yes, I am."

On April 3, 1978, a petition to revoke defendant's probation was filed in McLean County. The ground for revocation was the Vermilion County burglary conviction. On May 16, 1978, defendant moved to dismiss the petition because, in return for a guilty plea, the State had agreed not to seek to revoke his probation as one of its obligations under the agreement. The motion to dismiss was denied. After a hearing, the trial court found that the State had proved that defendant had violated the conditions of probation and ordered that the probation be revoked. Defendant was sentenced to concurrent terms of 27 to 81 months' imprisonment.

On appeal, defendant argues that the trial court erred in revoking his probation. Defendant submits that because the Assistant State's Attorney in Vermilion County agreed, *inter alia*, that defendant's McLean County probation would not be revoked if he pleaded guilty to the burglary, this court should reverse the trial court and order specific performance of the plea agreement.

The State contends that the promise made by a Vermilion County State's Attorney was not binding on the McLean County State's Attorney. Furthermore, it is argued, even were the promise held to be binding, the remedy would be withdrawal of the guilty plea rather than specific performance.

It is undisputed that the plea agreement provided that his probation would not be the subject of a petition to revoke. The agreement was not

fulfilled. It is also undisputed that the circuit court judge in Vermilion County who accepted the plea agreement was aware that the probation had been imposed in McLean County. The McLean County State's Attorney had not been informed of the agreement when it was made. ■■ *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495, involved a plea agreement that was struck between a defendant and an Assistant District Attorney. The prosecutor agreed to make no sentence recommendation for the lesser offense to which defendant pleaded guilty. The court accepted the plea. At the sentencing hearing, another prosecutor from the same office recommended the maximum sentence, which the trial court imposed. The trial court stated that the District Attorney's promises are of no consequence.

In vacating the judgment, the Supreme Court observed:

"The plea must * * * be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known. There is, of course, no absolute right to have a guilty plea accepted. [Citations.] A court may reject a plea in exercise of sound judicial discretion.

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

On this record, petitioner 'bargained' and negotiated for a particular plea in order to secure dismissal of more serious charges, but also on condition that no sentence recommendation would be made by the prosecutor. It is now conceded that the promise to abstain from a recommendation was made, and at this stage the prosecution is not in a good position to argue that its inadvertent breach of agreement is immaterial. The staff lawyers in a prosecutor's office have the burden of 'letting the left hand know what the right hand is doing' or has done. That the breach of agreement was inadvertent does not lessen its impact." 404 U.S. 257, 261-62, 30 L. Ed. 2d 427, 432-33, 92 S. Ct. 495.

*Santobello* has been cited frequently by Illinois courts. (*People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289; *People v. White* (1972), 5 Ill. App. 3d 205, 282 N.E.2d 467; see also *United States v. Bowler* (7th Cir. 1978), 585 F.2d 851.) Prior to *Santobello*, it had been well established in this State that a plea of guilty which was induced by unfulfilled promises loses its voluntary nature and should be considered void. *People v.*

*Washington* (1967), 38 Ill. 2d 446, 449-50, 232 N.E.2d 738, 740; see *McKeag v. People* (1956), 7 Ill. 2d 586, 588-89, 131 N.E.2d 517, 518.

The State argues that the rule enunciated in *Santobello* is not applicable here because the promise was made by the Vermilion County State's Attorney without the knowledge of the McLean County State's Attorney; therefore, the promise is not binding on the McLean County State's Attorney. In other words, the aforementioned cases are distinguishable upon the facts.

The State submits that *People v. Click* (1974), 22 Ill. App. 3d 89, 316 N.E.2d 808, should control the outcome of this case. In *Click*, the defendant claimed that revocation of his probation in Kane County was a breach of a plea agreement between defendant and the State's Attorney of Kane County. The Ogle County public defender, who was representing defendant on a charge in that county, had written the Kane County State's Attorney and asked if he favored consolidating charges against defendant in one case, pursuant to section 5—4—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—4—2(b)), so that defendant could plead guilty to them in Ogle County and be placed on probation. In a letter to the Ogle County State's Attorney, the Kane County State's Attorney agreed to the plan and listed five charges that were pending against defendant in Kane County but apparently did not know of, or list, the two pending petitions for revocation of defendant's probation. Thus, the probation violation charges were not included in the Ogle County prosecution. Defendant pleaded guilty to the Kane County offenses in Ogle County and was sentenced according to the agreement. The State's Attorney in Kane County, however, prosecuted defendant for those probation violations which were not included in the charges that he had sent to Ogle County. Defendant challenged those proceedings in Kane County as violations of the plea agreement.

The appellate court upheld the validity of the probation revocation proceedings, stating that it was incumbent upon defendant and his attorney to ascertain whether all charges had been included in the proposed disposition in Ogle County. Here, the promise not to thwart defendant's probation in McLean County with the Vermilion County burglary charge specifically was made a part of the agreement. Defendant must not bear the brunt of the one State's Attorney's failure to notify the other.

The *Click* court also stated that the plea agreement only was between the Ogle County State's Attorney and the defendant, not between the defendant and the Kane County State's Attorney. The court determined that this was a basis for distinguishing *Santobello*. We disagree with this conclusion and with *Click*'s interpretation of *Santobello*.

■■ The plea agreement here is one between defendant and the State

where the Vermilion County State's Attorney functioned as an agent of the State, rather than an agreement between defendant and the State's Attorney as an individual. The State, as principal, is bound by the terms of this judicially approved and partially executed agreement even though one of the terms involved an agent other than the one who executed the agreement.

Correspondingly, we conclude that although the Vermilion County State's Attorney should have notified the McLean County State's Attorney of the proposed agreement, he had the power to strike the agreement on behalf of the State even though the agreement involved a charge that had been brought in another county. In addition, the circuit court of McLean County should have recognized and enforced the plea agreement since it had been approved by the circuit court of Vermilion County. These propositions have been recognized implicitly by the supreme court in *People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, 363 N.E.2d 835.

In *Fitzgerald*, petitioner was indicted on certain charges in Du Page County. While the charges were pending, petitioner was subpoenaed before the grand jury in Cook County which was investigating an unrelated offense. Petitioner refused to answer questions and asserted his right against self-incrimination; the Cook County State's Attorney, without consulting the Du Page County State's Attorney, moved to grant petitioner immunity; and the Cook County court granted the petition. Petitioner's testimony before the Cook County grand jury entailed an explanation of the circumstances out of which the Du Page County indictments arose.

Thereafter, petitioner moved the Du Page County circuit court to dismiss the pending indictments. Petitioner claimed that he received immunity from prosecution because his testimony before the Cook County grand jury involved those crimes. The motion was denied, and petitioner filed a petition in the Illinois Supreme Court for a writ of prohibition to prevent the judges in Du Page County from presiding over a trial and for a writ of mandamus ordering the Du Page County State's Attorney to refrain from prosecuting.

The petitioner in *Fitzgerald* argued that the order of the Cook County court granted him transactional immunity; while the State maintained that the grant of immunity should only be given the effect of use immunity in the Du Page County proceedings. The supreme court agreed with petitioner and awarded the writ of prohibition. The court determined that the pertinent statutory provisions provided for a grant of transactional immunity and that transactional immunity is not transmuted into use immunity just because the immunity was granted in a county other than the county in which the prosecution (from which immunity was claimed) was initiated.

■■ Thus, the supreme court recognized that a prosecutor from one county can affect unilaterally the viability of charges that had been brought by a prosecutor from another county. Similarly, the circuit court in one county is obliged to honor another circuit court's order that had been issued pursuant to the State's Attorney's unilateral action.

■■ The McLean County circuit court should have deferred to the order of the Vermilion County circuit court which approved the plea agreement as negotiated. Accordingly, the judgment of the circuit court revoking defendant's probation is reversed so as to effectuate the agreement.

Reversed.

GREEN and TRAPP, JJ., concur.