THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KENNETH WADLINGTON, Defendant-Appellant.

First District (4th Division)   No. 78-618

Opinion filed November 21, 1979.

Ralph Ruebner and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Paul C. Gridelli, and Terrence M. Burns, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The defendant, Kenneth Wadlington (a/k/a Sheldon Dorian), appeals from the dismissal of a post-conviction petition. He argues his pleas of guilty to two counts of burglary were induced by unfulfilled promises by State officials and that failure to admonish him concerning the mandatory three-year parole term made his pleas involuntary. The defendant asks the court to vacate his guilty pleas and to remand the cause for a new trial or, alternatively, to reverse and remand for additional post-conviction proceedings.

The defendant was charged with two counts of burglary. On March 24, 1977, he appeared before the trial judge. The defense stated that the pleas of guilty were negotiated in exchange for the prosecutor's recommendation of a term of imprisonment of three to nine years on each of the charges. The prosecution also recommended that those sentences run concurrently with each other and concurrently with a previously imposed sentence of 7½ to 15 years which the defendant had been serving in Pennsylvania until his escape.

During the hearing, the defendant personally asked to state on the record his understanding of the plea arrangement. The trial court granted permission, and the defendant stated that he understood that if he pleaded guilty, the prosecutor would recommend a sentence of three to nine years. At this point the court said it would concur with the prosecution's recommendation. The defendant went on to state that by pleading guilty he would concede that he was the Sheldon Dorian who had escaped from a Pennsylvania prison; that Pennsylvania should be required to return him to Pennsylvania to serve the unexpired portion of his sentence; that the Illinois sentences would run concurrently with the Pennsylvania sentence; and that he would be entitled to statutory and compensatory good time on his Illinois sentence while serving the time in Pennsylvania. The court asked the prosecutor if that was his understanding and the prosecutor responded in the affirmative.

The prosecutor then repeated the recommendation:

> "[T]he state's recommendation to your honor on the two indict-
> ments that are pending is a recommendation of three to nine years
> on each indictment to be served concurrently, and that that time is
> to be concurrent with the sentence imposed in Pennsylvania."

The defendant responded "correct" and the prosecutor then said "[t]hat is
the limit of the state's recommendation to the court."

The court then admonished the defendant as to his rights. After
repeating the allegations of the two count information, the court said the
following:

> "In Illinois burglary is a class 2 felony. If tried and found guilty you
> could be sentenced to a term of not less than one year nor more
> than 20 years, with the proviso a minimum term would not exceed
> 1/3rd of the maximum term. Under the circumstances the
> maximum term would be 6—
>     Mr. Miranda [Assistant Public Defender]: 6 years 8 months to 20.
>     The court: And fined a sum of money up to $10,000, and as a part
> of any sentence upon termination of whatever period of time you
> would serve in the Illinois Department of Corrections, upon your
> discharge you will be subject to the further supervision of the
> parole and pardon board of this state for a period of 3 years."

The defendant was sentenced to terms of three to nine years on each
of the information counts, the terms to run concurrently with each other
and with the unexpired Pennsylvania sentence.

The defendant was turned over to the Illinois State Correctional
Center to await his transfer to Pennsylvania. He relies on the following
events in arguing that he served part of his Illinois sentence consecutive to
his Pennsylvania sentence rather than concurrently, as had been prom-
ised. On April 27, 1977, a detainer was placed on file against the defendant
by Allegheny County, Pennsylvania. In June of 1977, the defendant was
turned over to Pennsylvania. He was tried in Pennsylvania on the escape
charge and sentenced to a term of 6 to 24 months, that term to run
consecutively to any other sentence the defendant was serving.

In August of 1977, the defendant was returned to Illinois. In
September of 1977, the defendant filed a petition for an order to show
cause why he should not be returned to Pennsylvania to begin serving his
sentence.

In October 1977, the defendant filed his post-conviction petition,
alleging generally that the plea bargain was not being honored. He asked
that his sentence be vacated and that he be allowed to withdraw his pleas
of guilty.

In November of 1977, the State filed a motion to dismiss the post-
conviction petition, arguing that it failed to raise any constitutional

questions and did not state a cause of action under the post-conviction hearing statute (Ill. Rev. Stat. 1977, ch. 38, pars. 122—1 *et seq.*).

Defendant's counsel filed a memorandum of law in which he argued the defendant was not being given a concurrent sentence, as promised during the plea negotiations, due to the fact that he was presently incarcerated in an Illinois penitentiary.

In January of 1978, the court granted the motion to dismiss after hearing argument from counsel. The defendant remained in the custody of the Illinois correctional system during this time. In February of 1978, the defendant was transferred to Pennsylvania to serve his Pennsylvania and Illinois sentences.

On appeal, the defendant also argues that the plea agreement was violated in that he was promised Illinois would give him compensatory good time for time spent in Pennsylvania institutions. This issue was not raised in the defendant's post-conviction petition and was not mentioned during argument on the State's motion to dismiss. The record contains a letter the defendant received from the Illinois Prisoner Review Board dated May 24, 1978, which states he is ineligible for compensatory time based on time spent in another State's institution. It also contains a letter dated September 11, 1978, from the attorney who represented the defendant when he entered the guilty pleas stating the defendant recently informed him that he would not be receiving compensatory good time credit on his Illinois sentences while serving time in Pennsylvania. The attorney wrote "it was everyone's understanding that he would receive such credit in exchange for his pleas of guilty."

■■ A post-conviction petition may be dismissed without an evidentiary hearing if it does not raise issues of a constitutional nature. (*People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105.) The State contends the trial court properly dismissed the petition because it did not contain allegations of constitutional error, while the defendant argues to the contrary.

The defendant argues he was promised a concurrent sentence and that this promise was not fulfilled. He argues because his Illinois sentences were to run concurrently with the Pennsylvania one, each day he spent in an Illinois institution had the effect of extending his sentence. The State contends the promise was fulfilled.

The allegation that a plea of guilty was made in reliance on an unfulfilled promise that the sentence would be concurrent with another State's sentence is cognizable under the post-conviction act. (*People v. Matthews* (1975), 60 Ill. 2d 123, 324 N.E.2d 396.) The record shows that 2½ months elapsed from the time the defendant entered his guilty plea in March of 1977 until he was transferred to Pennsylvania in June of 1977. He stood trial on the escape charge in Pennsylvania and then was

transferred back to Illinois in August of 1977. The post-conviction petition was filed in October of 1977, and the defendant was transferred to Pennsylvania again in February of 1978.

The State argues the defendant's sentence was carried out as quickly as was reasonable. The record is unclear as to why the defendant was returned to Illinois following his trial in Pennsylvania on the escape charge. The State argues this move was required by the agreement on detainers (Ill. Rev. Stat. 1977, ch. 38, par. 1003—8—9). The defendant disputes this assertion. Whether correct or not, the defendant spent an additional five months incarcerated in Illinois following his Pennsylvania trial on the escape charges.

■ The State also argues part of this delay was due to the defendant's filing of the post-conviction petition. We cannot accept this assertion in light of the fact that the statute does not require that a defendant be present at post-conviction proceedings (Ill. Rev. Stat. 1977, ch. 38, par. 122—6), and additionally, according to his counsel at oral argument, the defendant was not present in court when the trial court heard argument and dismissed his petition. In conclusion, we believe the defendant's allegation that he served a minimum of five months time in addition to that for which he bargained is cognizable under the post-conviction act. It was error for the trial court to dismiss the petition without an evidentiary hearing.

The defendant also argues error of constitutional dimension occurred when the trial court failed to admonish him concerning the mandatory three-year parole term which would follow his prison sentence.

In *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, the supreme court held that when a defendant pleads guilty to criminal charges he must be admonished that a mandatory parole period is part of the bargained sentence before the plea is accepted. Because the defendant's plea was accepted subsequent to May 19, 1975, this requirement applies to him. (*Wills.*) Although such a failure to admonish is not sufficient, by itself, to render a plea of guilty either involuntary or unintelligent (*People v. Briner* (1978), 57 Ill. App. 3d 327, 373 N.E.2d 33), it is a factor to be considered on the issue of voluntariness. *Wills.*

■■ The State argues the defendant was admonished as to the mandatory parole term and cites the portion of the transcript which we have set out above. We agree with the State. In *Wills* the supreme court found the defendant had been adequately admonished concerning the mandatory parole term where "[t]he record shows that the circuit court advised defendant that the permissible penalty for armed robbery was imprisonment for 'four to any number of years plus five years parole' and that '* * * the parole provision is mandatory. You would serve five years parole time after serving your prison time under any circumstances.'" (61

Ill. 2d 105, 108, 330 N.E.2d 505, 507.) In a similar fashion, the court here admonished the defendant concerning the *permissible* penalties for burglary and then informed him "and as a part of *any* sentence upon termination of whatever period of time you would serve in the Illinois Department of Corrections, upon your discharge you *will* be subject to the further supervision of the parole and pardon board of this state for a period of 3 years." We believe the defendant was adequately admonished concerning the mandatory three year parole period which would follow his term of imprisonment.

The defendant's final contention is that he was promised he would receive compensatory time credit by Illinois for the time he spent in Pennsylvania's penitentiary. The parties agree that this is not possible under Illinois law.

The State initially argues that the defendant has waived this issue by not raising it in his post-conviction petition. It relies on section 122—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 122—3) which provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or in an amended petition is waived." The defendant responds that he was not aware of the compensatory time issue when he filed his post-conviction petition and thus it could not have been raised then.

The post-conviction petition was filed in October 1977. The record contains a letter written to the defendant in May of 1978 from the Illinois Prisoner Review Board informing him that he was ineligible for compensatory time based on time spent in another State's institution. There is no indication from the record that the defendant was aware of this fact at an earlier date.

Under these circumstances we cannot say that the defendant has waived his right to raise the issue of compensatory time. Waiver rules are relaxed when fundamental fairness requires it. (*People v. Nichols* (1972), 51 Ill. 2d 244, 281 N.E.2d 873; *People v. Farley* (1976), 37 Ill. App. 3d 178, 345 N.E.2d 724.) If the State has evidence indicating earlier knowledge of this fact it can, of course, present it at the hearing on remand.

The State next argues even if there was no waiver the defendant was never promised he would receive compensatory time for the time spent in Pennsylvania's institution.

When the defendant entered his guilty plea he asked permission to state his understanding of the terms of the agreement on the record. The court granted permission and the defendant recited the three- to nine-year sentences, that he would serve the time in Pennsylvania, that the Illinois sentences would run concurrently with the Pennsylvania one, and that he would receive statutory and compensatory good time on his Illinois sentence while serving the time in Pennsylvania. The prosecutor

responded affirmatively when the court asked if that was his understanding. The prosecutor and the court each stated their understanding of the bargain without mentioning compensatory time and the defendant agreed with their statements. The only other evidence in the record concerning this issue is a letter from the attorney who represented the defendant at the time he entered his guilty pleas stating "it was everyone's understanding that he would receive such [compensatory] credit in exchange for his plea of guilty."

■ "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (*Santobello v. New York* (1971), 404 U.S. 257, 262, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499.) Although it appears clear from the transcript that the court and Assistant State's Attorney did not intend to include in the sentence an agreement that the defendant would receive compensatory time for time spent in Pennsylvania's institution, it also appears clear that the defendant believed he would receive such compensatory time. The Assistant State's Attorney encouraged this belief by indicating that the defendant's statement of the terms of the plea was correct. We thus conclude the defendant's plea was not knowingly and voluntarily entered if he in fact believed that he would receive compensatory time for the time spent in Pennsylvania.

The defendant's final argument is that the trial court erred when it allowed the introduction into evidence at the post-conviction proceedings of a letter from the Pennsylvania prison warden. The letter asserts that the defendant was returned to Illinois from Pennsylvania and that a previous Pennsylvania detainer was "replaced" with a sentence of 6 to 24 months. The defendant argues this letter confused the factual issues, was hearsay, and influenced the trial court's decision. The defendant made no objection to the introduction of the letter below.

The defendant contends that the impression given by this letter was that the only sentence he would have to serve after his Illinois sentence would be the 6- to 24-month sentence on the escape charge, and that he would not have to serve the unexpired 7½- to 15-year sentence. We do not believe it necessary to address this argument due to our disposition of the cause. Even if there was confusion previously concerning the defendant's Pennsylvania sentences, it appears to us most unlikely that the same confusion would occur on remand.

For the foregoing reasons the judgment of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.