THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY LEE STATEN, Defendant-Appellant.

Fourth District   No. 4—86—0770

Opinion filed July 30, 1987.—Rehearing denied August 28, 1987.

972

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klinger, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant was charged by indictment in the circuit court of Champaign County with enforcement of discipline—escape (Ill. Rev. Stat. 1985, ch. 38, par. 1003—6—4), a Class 3 felony, for his failure to return to the Urbana Community Correctional Center from furlough on March 24, 1982. He was found guilty following a bench trial on stipulated evidence and was sentenced to three years' imprisonment, to be served consecutive to the sentence in Coles County No. 81—CF—96, the case in which he was serving sentence at the time of his escape.

Defendant appeals, maintaining his conviction should be reversed and, essentially, treated as barred by an agreement of the State's Attorney in Fayette County—the county of defendant's "parent institution," Vandalia—at the time of his escape while a resident at the Urbana Community Correctional Center in Champaign County. The Fayette County State's Attorney agreed orally and in writing directed to Iowa authorities that his office would not charge defendant with escape if defendant pleaded guilty to a robbery charge in Iowa and received a 10-year incarceration on that charge. After serving sentence, defendant was returned to Illinois and the instant charge was brought by the State's Attorney in Champaign County.

Defense counsel filed a motion to dismiss the charge, based on

the agreement of the Fayette County State's Attorney not to prosecute as a term of the plea agreement concurred in by an Iowa court. The motion was denied. Defense counsel again raised the representation of the Fayette County State's Attorney as an affirmative defense after presentation of the State's case in chief, and made an offer of proof. The trial court reaffirmed its earlier ruling, found defendant guilty, pronounced sentence, and entered judgment. We affirm.

On February 24, 1982, defendant was granted work release from Vandalia Correctional Center in Fayette County, Illinois, and was placed in the Urbana Community Correctional Center in Champaign County, Illinois. Defendant was approved to take a three-hour independent pass from the Urbana Community Correctional Center on March 24, 1982. He failed to return to the center and an escape warrant was issued.

Defendant's whereabouts remained unknown until August 26, 1982, when notification was received by the Illinois Department of Corrections (DOC) that defendant had been apprehended or arrested in Indianapolis, Indiana, by the sheriff's department of Marion County, Indiana, and was held there on an arrest charge from the State of Iowa. On February 15, 1983, DOC received notification that defendant was serving a 10-year sentence for second-degree robbery at the Iowa State Men's Reformatory in Anamosa, Iowa, having been transported from Indiana to Iowa on November 17, 1982. On May 27, 1986, defendant was returned to Illinois by Iowa authorities. On July 3, 1986, the Champaign County State's Attorney filed an indictment charging defendant with the offense of enforcement of discipline—escape.

On January 31, 1983, defendant pleaded guilty to the offense of second-degree robbery in Iowa in Dubuque County case No. 15205 pursuant to a negotiated plea under which the State's Attorney for Fayette County, Illinois, agreed not to prosecute defendant for escape. On appeal, defendant maintains (1) although the escape offense arose in Champaign County, Illinois, the State's Attorney of Fayette County, Illinois, had authority to dismiss the escape charge in Champaign County, citing this court's decision in *People v. Wantland* (1979), 78 Ill. App. 3d 741, 397 N.E.2d 548; and (2) since he has served his term of imprisonment in Iowa, his remedy is dismissal of this cause.

At hearings below, defense counsel argued that under this court's decision in *Wantland*, the State's Attorney of Fayette County had authority to dismiss cases arising in other counties which would bind

the State's Attorneys for those counties.

The State argued the representations of the State's Attorney of Fayette County were made without the knowledge of prosecutorial authorities in Champaign County, who had no knowledge of the subsequent apprehension of defendant or the plea agreement conversations which were had with the Fayette County State's Attorney. The prosecutor pointed out that, at the time of the purported promise not to prosecute by the Fayette County State's Attorney, there were no charges pending as such. He stipulated to copies of the letter by the Fayette County State's Attorney and the transcript of plea hearing in Iowa. The prosecutor argued the Fayette County State's Attorney did not have *actual authority* to prosecute defendant and, therefore, his representation not to prosecute defendant was illusory and a nullity. The prosecutor further argued the burden was on the defendant to seek out the appropriate prosecuting authorities and, if he failed to locate the appropriate authority, he did so at his peril, irrespective of whether it was reasonable for defendant's Iowa counsel to rely on the representation of the Fayette County State's Attorney.

The trial court found *Wantland* distinguishable, as there an Illinois court was involved in the plea agreement in Vermilion County.

The letter of the Fayette County State's Attorney to the Dubuque County, Iowa, prosecutor stated:

> "Our office will not prosecute Gary Staten for Escape if he pleads guilty to the Robbery charge in your state and receives a ten year incarceration on that charge as stated in your letter of January 12, 1983."

The transcript of proceedings in Dubuque County, Iowa, criminal No. 15205, shows on January 31, 1983, defendant stated his willingness to withdraw his plea of not guilty to the lesser included offense of second-degree robbery. Defense counsel stated there had been some negotiations with the State of Illinois under which Illinois agreed to forego pursuing escape charges against defendant. The Iowa prosecutor stated:

> "The State of Illinois has given us written assurances they will not prosecute the Defendant for escape, and I believe the Defendant will be returned to the State of Illinois once he completes the sentence here, to serve out, I believe, eleven months of a remaining sentence he has over there, which they refuse to make concurrent."

The Iowa court accepted the plea of guilty and sentenced defendant.

At the hearing in this cause defense counsel was permitted to make an offer of proof representing what various individuals would

say as part of the defense case in chief, without waiving the State's argument the material was neither relevant nor admissible at that stage. These representations included the following: When defendant was in custody in Iowa, and was presented with the opportunity to plea bargain with the State's Attorney of Dubuque County, Iowa, that State's Attorney wrote to an agent of the apprehensions unit of DOC describing the possibility of a plea bargain with defendant and the charges he was facing in Iowa, asking for a description of the penalties defendant would face in Illinois, and requesting that if the agent could not answer the questions, he provide the name of the prosecutor who could. On January 7, 1982, an agent of DOC telephoned Mr. Potter, the prosecutor for Dubuque County, Iowa, and referred him to the State's Attorney of Fayette County. Potter telephoned the Fayette County State's Attorney in January 1983 asking for a commitment not to prosecute defendant, which commitment would be incorporated as part of the plea bargain in Iowa. The Fayette County State's Attorney gave a telephone commitment not to prosecute defendant and confirmed it in a January 1983 letter to Potter in Dubuque County, Iowa. Further, Mr. Day, the attorney appointed to represent defendant in Iowa, advised defendant that he could rely on the commitment from the Fayette County State's Attorney as an essential part of the plea bargain entered in settling the Iowa charges. The offer of proof was that Potter and Day, if called, would testify to the above.

The trial court ruled these matters were not admissible because they did not go to matters raised in the indictment and affirmed its decision denying defendant's motion to dismiss.

Section 3—6—4 of the Unified Code of Corrections (Code) states the offense of enforcement of discipline—escape, including:

"A committed person who fails to return from furlough or from work and day release is guilty of a Class 3 felony." (Ill. Rev. Stat. 1981, ch. 38, par. 1003-6—4(a).)

Section 3—6—5 specifically provides:

"When any person is charged with committing an offense while confined by the Department, cognizance therefore shall be taken *by the circuit court of the county wherein such crime was committed.* Such court shall adjudicate and sentence the person charged with such crime in the same manner and subject to the same rules and limitations as are now established by law in relation to other persons charged with crime." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 1003—6—5.

The crucial distinction in deciding the issue presented in this case

lies in the discrete function of each State's Attorney as set forth under the constitution (Ill. Const. 1970, art. VI, sec. 19) and his duties as set forth in "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1985, ch. 14, par. 1 *et seq.*).

Some Federal cases suggest action taken by the office of one United States District Attorney may be coordinated by the United States Attorney General. This is not true on the State level in Illinois. Our Attorney General's office is separate and a component of the executive branch. Ill. Const. 1970, art. V, sec. 15.

In analyzing the cases cited and the arguments presented, several categories of cases emerge: (1) challenges to a judgment on a plea agreement; (2) actions to enforce a government-offered plea agreement subsequently withdrawn by the government; and (3) actions to bar subsequent prosecution based on a prior judgment entered on a court-approved plea agreement. The category of the challenge, *i.e.*, its nature and the stage at which it is brought, may be of significance in determining the applicable standard and the result which follows.

In the first category, cases involving challenges to judgments entered on a guilty plea, is *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495. In that case, after negotiating with the prosecuting attorney, the defendant withdrew his not guilty plea and entered a guilty plea to a lesser included offense based on the prosecutor's agreement to make no recommendation as to the sentence to be imposed. The trial court accepted the guilty plea and set a date for sentencing. At sentencing, a new prosecuting attorney appeared and, apparently ignorant of his colleague's commitment, recommended the maximum 1-year sentence be imposed. Although defendant objected and sought adjournment of the sentencing hearing, the judge stated he was not influenced by the prosecutor's recommendation and imposed the maximum sentence based on the presentence report. The United States Supreme Court vacated the judgment and remanded, holding as the unanimous view of the court that the disposition of criminal charges by agreement between the prosecutor and the accused must be attended by safeguards and, when a guilty plea rested in significant degree on a promise of the prosecutor so it could be said to be part of the inducement, such promise must be fulfilled even if the breach of agreement by the prosecution was inadvertent. *Santobello* may be distinguished since its analysis applied to a direct challenge to the judgment entered on a guilty plea based on plea negotiations.

In the second category, actions to enforce a government-ordered

plea agreement, is *Cooper v. United States* (4th Cir. 1979), 594 F.2d 12, cited by defendant, wherein the reviewing court vacated a judgment on two counts of bribery of a witness and two counts of obstruction of justice. The court found constitutional error in the district court's refusal to enforce the Federal government's plea proposal, and remanded the cause. In *Cooper* the government had withdrawn its plea offer and the reviewing court noted the failure in communications or understanding underlying the difficulty could be avoided by the government, whereas "defendants have no control over them." (594 F.2d 12, 20 n.11.) The same degree of governmental control and interrelationship of prosecutorial roles does not apply here.

In *Palermo v. Warden, Green Haven State Prison* (2d Cir. 1976), 545 F.2d 286, 296-97, the court held that where a defendant pleaded guilty because he reasonably relied on promises by prosecutors which are in fact unfulfillable, he has a right to have those promises fulfilled. There, enforcement of the agreement was upheld based on a finding of prosecutorial bad faith, where specific performance of the plea bargain constituted the only meaningful relief in the context of the case.

*United States v. Lieber* (E.D.N.Y. 1979), 473 F. Supp. 884, cited in defendant's reply brief, is distinguishable. The court specifically referred to its previous holding that a promise of immunity made by a United States Attorney in one district cannot bind a United States Attorney in another district (*United States v. Boulier* (E.D.N.Y. 1972), 359 F. Supp. 165, *aff'd on other grounds sub nom. United States v. Nathan* (2d Cir. 1973), 476 F.2d 456, *cert. denied* (1973), 414 U.S. 823, 38 L. Ed. 2d 56, 94 S. Ct. 171), but determined the rule should not be applied to the facts of the case.

Defendant argues this case falls within the third category, actions to bar subsequent prosecution based on a prior judgment entered on a court-approved plea agreement. Below and on appeal defendant relied on this court's decision in *Wantland* as requiring dismissal of this cause. In *Wantland*, the defendant argued the trial court of McLean County erred in revoking his probation for violation of conditions of probation; this court agreed.

The defendant in *Wantland*, pursuant to the agreement, had pleaded guilty to burglary in Vermilion County and had been sentenced to a term of probation with periodic imprisonment as a condition of probation. Part of the plea agreement in Vermilion County was that the burglary conviction could not be used to revoke defendant's probation in McLean County. Nevertheless, after defendant

pleaded guilty and the court accepted his plea and sentenced him in Vermilion County, a petition to revoke defendant's probation was filed in McLean County, and it was from judgment on this revocation that appeal was taken.

The *Wantland* court stated:

"The plea agreement here is one between defendant and the State where the Vermilion County State's Attorney functioned as an agent of the State, rather than an agreement between defendant and the State's Attorney as an individual. The State, as principal, is bound by the terms of this *judicially approved and partially executed* agreement even though one of the terms involved an agent other than the one who executed the agreement.

Correspondingly, we conclude that although the Vermilion County State's Attorney should have notified the McLean County State's Attorney of the proposed agreement, he had the power to strike the agreement on behalf of the State even though the agreement involved a charge that had been brought to another county. In addition, the circuit court of McLean County should have recognized and enforced the plea agreement since it *had been approved by the circuit court of Vermilion County*. These propositions have been recognized implicitly by the supreme court in *People ex rel Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, 363 N.E.2d 835." (Emphasis added.) (*People v. Wantland* (1979), 78 Ill. App. 3d 741, 744-45, 397 N.E.2d 548, 551-52.)

In *Fitzgerald*, the supreme court determined pertinent statutory provisions provided for a grant of transactional immunity, which was not transmuted into use immunity because the immunity was granted in a county other than the county in which the prosecution was initiated, *i.e.*, immunity was granted in Cook County by the Cook County State's Attorney, without consulting the Du Page County State's Attorney, when indictments were pending in Du Page County. *Fitzgerald* may be distinguished since there is no question involving transactional immunity.

Here, *Wantland* was treated as distinguishable by the trial court based on the involvement of the circuit court of Vermilion County in approving the plea agreement and entering judgment on it. We agree. Moreover, insofar as *Wantland* suggests the State's Attorney for one county functions as an agent of the State and can dismiss or agree to nol-pros charges outside his jurisdiction and *without court approval*, we expressly overrule it. Such unilateral, unlimited author-

ity in a county State's Attorney without court involvement cannot be condoned.

We find this case more comparable to *People v. Click* (1974), 22 Ill. App. 3d 89, 316 N.E.2d 808, which held prior judgment on entry of court-approved plea agreement did not bar prosecution. In *Click,* the defendant appealed from orders entered by the circuit court of Kane County revoking his probation and sentencing him to imprisonment. Defendant maintained the judgment was erroneous because it constituted a breach of a plea agreement between defendant and the State's Attorney of Kane County. The record disclosed in January 1973 the Ogle County public defender, representing the defendant, wrote to the State's Attorney of Kane County seeking to clear up all matters involving the defendant pursuant to section 5—4—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2(b)) (defendant may waive trial in county in which charges are pending and consent to disposition of case in county in which he is held subject to approval of State's Attorney for each county), and suggested defendant be placed on four years' probation in Ogle County, the first three years to be served in the Ogle County Public Safety Building. The Kane County State's Attorney responded and, pursuant to section 5—4—2(b), the circuit court of Ogle County thereafter accepted defendant's guilty plea to the five Kane County charges, and to charges in Ogle and St. Clair Counties, and entered judgment thereon. The judgment order of the Ogle County court listed the five Kane County cases being disposed of by number. The two cases referred to in the appeal in *Click* were not among those listed, and were evidently overlooked by the State's Attorney of Kane County.

The *Click* court rejected the argument that the plea bargain was between defendant and the State's Attorney of Kane County:

"The question of whether the defendant would be entitled to any relief in Ogle County based on an alleged breach of an unfulfilled promise made by the State's Attorney of Ogle County is not before us. Defendant's reliance in the instant case on *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *People v. White* (1972), 5 Ill. App. 3d 205, [282 N.E.2d 467,] and *People v. Pier* (1972), 51 Ill. 2d 96, [281 N.E.2d 289,] is therefore misplaced. Each of those cases concerned a plea bargaining agreement between the prosecutor and the accused and would be relevant only in relating to any plea bargain the defendant entered into with the State's Attorney of Ogle County. There was no plea bargain here between

the defendant and the State's Attorney of Kane County." (*People v. Click* (1974), 22 Ill. App. 3d 89, 93, 316 N.E.2d 808, 811.)

The *Click* court found that under the statutory language the defendant made his plea bargain with the Ogle County State's Attorney. The court also said the defendant was aware of his probation status in Kane County and of his failure to report to his probation officer there, and it was incumbent on defendant and his attorney to ascertain whether these probation violations (or any petition to revoke such probations) were transmitted to Ogle County and included in the proposed disposition in that county.

Defendant argues the issue in this case arose because of a mistake made by DOC. This argument is not determinative of the issue presented. In *People v. Thompson* (1980), 88 Ill. App. 3d 375, 410 N.E.2d 600, this court found an auditor of the Illinois Department of Revenue was without authority to determine prosecution for criminal conduct. The *Thompson* court held the defendant's reliance on apparent authority would only go to the question of admissibility of statements made in the process of negotiation. See also *United States v. Long* (7th Cir. 1975), 511 F.2d 878, *cert. denied* (1975), 423 U.S. 895, 46 L. Ed. 2d 128, 96 S. Ct. 196 (absent an established agency relationship between the Federal government and Illinois Bureau of Investigation agents, Illinois agents had no authority to make binding promises relating to Federal prosecution); *United States v. Bridgement* (D.C. Cir. 1975), 523 F.2d 1099, *cert. denied* (1976), 425 U.S. 961, 48 L. Ed. 2d 206, 96 S. Ct. 1744; *United States v. Gorham* (D.C. Cir. 1975), 523 F.2d 1088 (D.C. Commissioner of Corrections was without authority to agree not to prosecute jail inmates for crimes arising out of a jailbreak attempt).

*Thompson* rejected an approach which would focus on a defendant's actual subjective belief and looked to actual authority to compromise the criminal proceeding. Employees of DOC are without authority to determine prosecution for criminal conduct. Additionally, in this case DOC was merely a conduit for information and was not involved with the agreement.

Although defendant acted on advice of counsel involving representations of DOC representatives and the State's Attorney of Fayette County, the abuses which could occur if we accepted defendant's argument and reversed the trial court would be rampant. Suggesting that unilateral, unlimited authority be given to a county State's Attorney is without merit. We therefore affirm the trial court for the following reasons.

First, if actual authority is considered, the Fayette County State's Attorney was without authority to determine prosecution for the criminal conduct which is the subject of the underlying appeal. *Cf. People v. Mueller* (1985), 130 Ill. App. 3d 385, 474 N.E.2d 434, *aff'd on other grounds* (1985), 109 Ill. 2d 378, 488 N.E.2d 523 (which held a State's Attorney may not prosecute crimes within his knowledge that occurred outside his jurisdiction, *i.e.*, if he could not properly institute proceedings, he could not waive another State's Attorney's right to do so).

Second, the actual terms of the letter of the Fayette County State's Attorney refer to (1) "our office," (2) a 10-year incarceration on the Iowa robbery charge; and (3) terms of the Dubuque County, Iowa, State's Attorney's letter. At the time the letter was written, no charge was pending against defendant for the underlying offense.

Third, no Illinois circuit court was involved. With few exceptions, the circuit courts of Illinois are authorized to dismiss criminal charges prior to trial only for reasons set forth in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—1) or where there has been a clear denial of due process which prejudiced defendant. (See *People v. Schroeder* (1981), 102 Ill. App. 3d 133, 135, 429 N.E.2d 573, 576 (and cases cited therein).) The circuit court of Champaign County was expressly required by statute to take cognizance of offenses committed in the county by persons confined by DOC and to adjudicate and sentence such persons. (Ill. Rev. Stat. 1985, ch. 38, par. 1003—6—5.) Defendant has cited no authority which would allow a foreign court authority to include disposition of an Illinois offense.

Moreover, defendant knew the location from which he failed to return from furlough, and no mistake of fact or law was shown to overcome this. *People v. Click* (1974), 22 Ill. App. 3d 89, 316 N.E.2d 808.

Affirmed.

SPITZ, P.J., and GREEN, J., concur.