THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
LAWRENCE E. WOODS, Defendant-Appellee.

Second District   No. 2—86—0972

Opinion filed April 29, 1988.

Robert J. Morrow and Robert F. Casey, State's Attorneys, of Geneva (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Robert C. Cooper, both of State Appellate Defender's Office, of Elgin, for appellee.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

On motion of defendant, Lawrence E. Woods, the circuit court of Kane County entered a judgment dismissing an information charging defendant with burglary of a motor vehicle in Kane County (Ill. Rev. Stat. 1983, ch. 38, par. 19—1). The court found that there was an agreement between defendant and the State's Attorney of De Kalb County whereby defendant would plead guilty in De Kalb County case No. 85 CF 8 and that the instant Kane County charge would be dismissed. The court further found that in reliance upon the agreement,

defendant pleaded guilty to the De Kalb County case and that, therefore, he is entitled to specific performance by the State's Attorney of Kane County of the agreement of the State's Attorney of De Kalb County. The State appeals.

The State argues that the State's Attorney of De Kalb County did not have authority to bind the State's Attorney of Kane County not to prosecute for a Kane County offense. The State relies on the authority of our holding in *People v. Click* (1974), 22 Ill. App. 3d 89, 316 N.E.2d 808.

Defendant argues that: (1) the State does not deny that the evidence established the agreement by the State's Attorney of De Kalb County with the defendant that the Kane County offense would not be prosecuted; (2) one county's State's Attorney can bind another county's State's Attorney; (3) defendant's reliance on the agreement in pleading guilty to the De Kalb County offense implicates the principles of equity requiring that the defendant receive the benefit of his bargain; and (4) the circuit court of Kane County did not err in granting specific performance of the agreement.

■ The rule is well established that an unfulfilled promise which induced a defendant's plea renders the plea involuntary even though facts may be independently established to verify his guilt. (*Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *People v. Starks* (1985), 106 Ill. 2d 441, 478 N.E.2d 350; *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289; *People v. Harris* (1980), 91 Ill. App. 3d 376, 414 N.E.2d 911; *People v. Wadlington* (1979), 78 Ill. App. 3d 1072, 398 N.E.2d 88.) However, the only issue which this case presents is whether, as a matter of law, one State's Attorney's agreement that a defendant will not be prosecuted for a particular offense in another county can bind that other county's State's Attorney. Also, not before us is the validity of defendant's De Kalb County conviction pursuant to the De Kalb County plea agreement. *People v. Click* (1974), 22 Ill. App. 3d 89, 316 N.E.2d 808.

In *Click*, the defendant contended that his plea agreement in Ogle County was based upon a letter sent by his public defender in Ogle County to the State's Attorney of Kane County "attempting to clear up all matters" involving the defendant. The letter sought the Kane County State's Attorney's agreement that "all charges can be consolidated in one case" wherein the defendant, under a plea agreement, would be sentenced to four years' probation in Ogle County with the first two years to be served in the Ogle County Public Safety Building. Pursuant to section 5—4—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2(b)), the circuit court of

Ogle County entered judgment upon defendant after he entered his plea of guilty to the Ogle County offense and the five specific offenses detailed in the Kane County State's Attorney's written acknowledgement and approval of the entry of defendant's plea of guilty to the five Kane County offenses.

Thereafter, it was determined that defendant was charged with two other Kane County offenses not discussed by the parties, and of which the Kane County State's Attorney testified that he had no knowledge at the time he approved the defendant's plea to the other five Kane County offenses. After trial, the circuit court of Kane County entered judgments of conviction against defendant on the two Kane County offenses, and he appealed.

This court concluded:

> "It was pursuant to the foregoing provision [Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2(b)] that defendant made his plea bargain, as the statute provided, with the Ogle County State's Attorney (not with the Kane County State's Attorney). Moreover, the defendant himself certainly was aware of his probation status in Kane County, also that he had not reported to his probation officer there, and that he had violated the conditions of his probation in Kane County. It was incumbent upon him and his attorney to ascertain whether these probation violations (or any petition to revoke such probations) were transmitted to Ogle County and included in the proposed disposition in that county." (*People v. Click* (1974), 22 Ill. App. 3d 89, 92-93, 316 N.E. 808, 811.)

The *Click* court held:

> "In any case the probation violation charges in Kane County were not transmitted to the clerk of the Circuit Court of Ogle County or included in the prosecution in that court. The judgment order of the Ogle County Court is in evidence and it lists the five Kane County cases being disposed of by number, and the two cases referred to in this appeal are not listed. The question of whether the defendant would be entitled to any relief in Ogle County based on an alleged breach of an unfulfilled promise made by the State's Attorney of Ogle County is not before us. Defendant's reliance in the instant case on *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *People v. White* (1972), 5 Ill. App. 3d 205, and *People v. Pier* (1972), 51 Ill. 2d 96, is therefore misplaced. Each of those cases concerned a plea bargaining agreement between the prosecutor and the accused and would be relevant only in

relating to any plea bargain the defendant entered into with the State's Attorney of Ogle County. There was no plea bargain here between the defendant and the State's Attorney of Kane County." 22 Ill. App. 3d at 93, 316 N.E.2d at 811.

Here, as in *Click*, the State's Attorney of the county sought by defendant to be bound on principles of equity and agency did not approve of or agree to the disposition of the offenses occurring in his county as part of the plea agreement between the defendant and the other State's Attorney. Our holding in *Click*, while factually not precisely on all fours with the instant case, is, nonetheless, dispositive of the legal issue common to both.

We further conclude that this court's recent decision in *People v. Centanni* (1987), 164 Ill. App. 3d 480, 517 N.E.2d 1207, is also dispositive of this case. In *Centanni* defendants argued that it was error for the circuit court of Lake County to deny their motion to exclude at their sentencing the facts of a separate Northbrook, Cook County, home invasion in which they participated. The defendants contended that their agreement with the Cook County State's Attorney provided that if they cooperated with the Northbrook police department, they would not receive any additional time or enhancement of their sentence in any other case. They contended in this court that, therefore, it was error for the trial court to consider evidence concerning the Northbrook home invasion in aggravation to enhance their sentence in the Lake County case. This court, relying on our opinion in *Click*, concluded that in *Centanni* and in *Click* there was no plea bargain between the defendant and the State's Attorney sought to be bound.

The court in *Centanni* also noted the reliance upon *Click* by the Appellate Court for the Fourth District in another recent case on this issue, *People v. Staten* (1987), 158 Ill. App. 3d 971, 511 N.E.2d 938. In *Staten*, the defendant entered into a plea agreement in Iowa in reliance upon the representation of the Fayette County, Illinois, State's Attorney that he would not prosecute defendant for escape from an Illinois institution. However, the defendant was charged by indictment in the circuit court of Champaign County, Illinois, with the escape charge (Ill. Rev. Stat. 1985, ch. 38, par. 1003—6—4) by reason of his failure to return to a community correctional center located in Champaign County. It was not disputed that the venue of the offense was Champaign County and that the State's Attorney of that county knew nothing of the Fayette County State's Attorney's action.

The court in *Staten*, in addition to relying on the aforementioned rationale of *Click*, also overruled its earlier opinion in *People v. Wantland* (1979), 78 Ill. App. 3d 741, 397 N.E.2d 548. The *Staten*

court in overruling *Wantland* said: "Moreover, insofar as *Wantland* suggests that the State's Attorney for one county functions as an agent of the State and can dismiss or agree to nol-pros charges outside his jurisdiction and *without court approval,* we expressly overrule it. Such unilateral, unlimited authority in a county State's Attorney without court involvement cannot be condoned." (Emphasis in original.) *Staten,* 158 Ill. App. 3d at 978-79, 511 N.E.2d at 943.

The *Staten* court distinguished *People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, 363 N.E.2d 835, which was the authority cited by the *Wantland* court for its conclusion, rejected by the *Staten* court, that the State as principal is bound by the terms of a judicially approved and partially executed agreement even though one of the terms involved an agent of the State, the State's Attorney other than the one who executed the agreement. We agree, however, with the *Staten* court that *Fitzgerald* is distinguishable because it involved a promise of transactional immunity for compelled testimony pursuant to sections 106—1 and 106—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, pars. 106—1, 106—2). The provisions of that statute are not implicated in the instant plea agreement. We also question the propriety of the *Wantland* court's reliance on *Fitzgerald.*

To the extent that *Staten* can be read to authorize one county's State's Attorney to bind another county's State's Attorney without the latter's knowledge or approval but *with circuit court approval,* we specifically disagree with that part of the *Staten* holding. We find no authority in the statutes or case law for that part of the *Staten* court's holding.

■ We conclude it would be absurd to hold, without authority, that one county's State's Attorney could bind another county's State's Attorney without the latter's knowledge and approval regardless of court approval. Section 5—4—2(b) of the Unified Code of Corrections specifically binds a State's Attorney to *pleas of guilty* and sentencing in another county for offenses in his county *only* if he has approved such disposition. (See Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—2(b); see also *People v. Owens* (1985), 131 Ill. App. 3d 381, 475 N.E.2d 649.) Under the theory advanced by defendant, we would be authorizing the dismissal of charges in another county, not even pleas of guilty as contemplated by section 5—4—2(b), without the knowledge or approval of that other county's State's Attorney. Where the legislature has empowered a State's Attorney to dispose of charges in another county by pleas of guilty only with the approval of the other State's Attorney, it would be absurd to conclude that a State's Attor-

ney could nol-pros offenses in another county without the approval of the other county's State's Attorney.

The judgment of the circuit court of Kane County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

INGLIS and NASH, JJ., concur.