(No. 48864.—

THE PEOPLE *ex rel.* ROBERT CRUZ, Petitioner, v. JAMES FITZGERALD, Judge, *et al.,* Respondents.

*Opinion filed May 20, 1977.*

Patrick A. Tuite, of Chicago, for petitioner.

William J. Scott, Attorney General, of Springfield (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, of counsel), for respondents.

MR. JUSTICE MORAN delivered the opinion of the court:

This is an original petition for a writ of prohibition to prevent the judges of the Eighteenth Judicial Circuit in Du Page County from presiding over a trial of the petitioner, Robert Cruz, and alternatively or in conjunction with the above, for a writ of *mandamus* ordering the State's Attorney for the County of Du Page to refrain from prosecuting him. The petitioner claims that he was granted transactional immunity from prosecution for the offenses now pending in Du Page County by order of the presiding judge of the criminal court of Cook County, but that Du Page Judge James Fitzgerald denied the petitioner's subsequent motion to dismiss the Du Page indictments. Although not affirmatively demonstrated by the record herein, it is alleged by the petitioner, without contradiction, that the Du Page judge ordered the State not to use the compelled testimony in its prosecution of petitioner.

In June of 1975, the petitioner was indicted on five charges of theft in Du Page County. In January of 1976, while these indictments were pending, the petitioner was subpoenaed before the Cook County grand jury which was investigating an unrelated offense of homicide. There, the petitioner refused to answer questions and asserted his right against self-incrimination. Apparently without communicating with the Du Page County State's Attorney, the Cook County prosecutor moved to grant petitioner immunity, and it was granted under section 106—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 106—1). Before the Cook County grand jury, the prosecutor asked the petitioner if he had told "Agent Naughton that during a trial that would be coming up, you were going to have two union members *** offer perjured testimony to get you off the [Du Page County] charges?" The petitioner responded in the negative and asked if the prosecutor wanted him to explain what happened. The prosecutor replied affirmatively and urged, "Take your

time. Go ahead. I want it to be clear." The petitioner thereupon explained at some length the circumstances out of which the five Du Page County indictments arose and his relationship with the above union members.

Pursuant to section 114—1(a)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)(3)), the petitioner subsequently moved the circuit court of Du Page County to dismiss the indictments there pending against him. His motion was based on the grounds that he received immunity from prosecution because of his compelled testimony before the Cook County grand jury regarding those crimes. The Du Page judge denied the motion to dismiss.

The petitioner asserts that he is fully immunized from prosecution in Du Page County because the order of the Cook County court granted him transactional immunity. The State maintains that the grant of immunity in Cook County should only be given the effect of use immunity in the Du Page proceedings.

Under use immunity, a witness' compelled testimony or leads derived therefrom may not be used in his prosecution. Under transactional immunity, however, the witness is fully immunized from prosecution for any offenses to which his compelled testimony may relate. See *Kastigar v. United States* (1972), 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653.

Section 106—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 106—1) provides:

> "In any investigation before a Grand Jury, or trial in any court of record, the court on motion of the State may order that any material witness be released from all liability to be prosecuted or punished on account of any testimony or other evidence he may be required to produce."

Section 106—2 (Ill. Rev. Stat. 1975, ch. 38, par. 106—2) states the effect of immunity:

> "Such order of immunity shall forever be a bar to prosecution against the witness for any offense shown in

whole or in part by such testimony or other evidence ***."

The petitioner correctly points out that virtually identical language granting immunity "on account of any transaction, matter or thing concerning which he may testify ***" has been interpreted to confer transactional immunity by the United States Supreme Court in *Brown v. Walker* (1896), 161 U.S. 591, 594, 40 L. Ed. 819, 820, 16 S. Ct. 644, 645. Indeed, in *People v. Walker* (1963), 28 Ill. 2d 585, the similar language of the predecessor to the subject statute was interpreted by this court to grant transactional immunity.

The State points out that the individual State's Attorneys in Illinois are independent prosecutors at the trial court level, and are not required to communicate with one another before granting immunity to a subject. It further contends that to construe the statutory language to allow one such prosecutor to immunize a subject against prosecution from crimes in any other county where the subject may already be under indictment for such crimes produces an absurd result which could not have been intended by the legislature. The State also points out, and the petitioner concedes, that use immunity is a constitutionally adequate substitute for the fifth amendment right against self-incrimination. (*Kastigar v. United States* (1972), 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653.) The State, therefore, argues that when, under the statute, an original grant of transactional immunity is made at the request of the prosecution in one Illinois county, the statute should be construed to grant only use immunity in any other Illinois county.

We deem it clear that the language of sections 106–1 and 106–2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, pars. 106–1 and 106–2) provides for a grant of transactional immunity. It does not provide in any manner for the transmutation of that transactional immunity into use immunity in prosecutions

initiated under the local authority of another State's Attorney. We agree that the legislative failure to address this issue may have mischievous results when a grant of transactional immunity in one proceeding serves to wholly immunize a subject from prosecution in a second jurisdiction where the prosecutor may have completed the investigation and be ready to proceed to trial. However, where, as here, the statutory language is clear and unambiguous, there is no occasion for judicial construction. The statute's plain language must be given effect. Any correction of this result must come from the legislature.

The State does not question the appropriateness of the specific remedy sought herein. Under the original jurisdiction granted to this court by section 4(a) of article VI of the Constitution of 1970, we therefore award the petitioner the requested writ of prohibition. It is ordered that an appropriate writ be issued prohibiting a trial of the petitioner for any offense concerned here for which he was compelled to testify before the Cook County grand jury.

Under these circumstances, we deem it unnecessary to grant the writ of *mandamus,* and it is consequently denied. The motion of the respondents to dismiss the petition is denied.

*Writ of prohibition awarded.*