*In re* R. L. W., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* R. L. W., Respondent-Appellant.)

Fourth District   No. 15447

Opinion filed November 15, 1979.

Richard J. Wilson and Jeff Justice, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Marc D. Towler and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from the orders adjudicating him a ward of the court and a delinquent minor and imposing a year's probation in the custody of his parents.

On November 29, 1978, the adjudication order was entered upon his admission of committing a burglary with several other minors. On December 15, while disposition was pending, defendant was subpoenaed to testify in the delinquency hearings involving his companions. The report of proceedings show a conference off the record and the following colloquy:

"MR. LEEPER: Your Honor, at this time the State grants a blanket immunity to the minor with regard to anything he might say or anything that might arise out of his statements today.

THE COURT: To clarify, would that be true as to everything that is directly related or indirectly related to the subject matter of the present case?

MR. LEEPER: Yes, your Honor, directly or indirectly related.

THE COURT: And would it extend to other matters not related at all to the present case?

MR. LEEPER: Yes, your Honor.

THE COURT: The record will show that the Court for the witness does accept the offer of immunity and that the same is intended at this point to reflect retroactively to include all the interrogation and answers by—of and by this witness."

On January 5, 1979, defendant filed a motion for discharge and dismissal of the proceedings, alleging that the proceedings concerning immunity on December 15, 1978, created a transactional immunity. The trial court denied the motion with a ruling that the adjudication of "delinquency" was a final appealable order by reason of the language of section 4—8(3) of the Juvenile Court Act (Ill. Rev. Stat., 1978 Supp., ch. 37, par. 704—8(3)), and that the granting of immunity following that adjudication was a useless act.

On January 16, 1979, defendant filed motions for rehearing upon his motion for discharge by reason of the transactional immunity and a motion to vacate the adjudication of wardship and withdraw the admissions. The motions were argued in the context of whether or not the immunity was effective in the light of the "appealable order" of adjudication and the effect of Supreme Court Rule 662(a) (65 Ill. 2d R. 662(a)), which provides that an appeal may be taken from an adjudication of wardship "in the event that an order of disposition has not been entered within ninety days of the adjudication of wardship."

Upon the motion to vacate the adjudication, the defendant correlatively argued that if the order of adjudication was appealable, the court had failed to admonish defendants under Supreme Court Rules 604(d)—withdrawal of plea, and 605(b)—the right to appeal within 30 days (58 Ill. 2d R. 604(d), R. 605(b)). Supreme Court Rule 660(a) provides that appeals in delinquency proceedings "shall be governed by the rules applicable to criminal cases." (65 Ill. 2d R. 660(a).)

The trial court adhered to its ruling, saying:

"I do not feel that it would have served any purpose whatsoever to advise the minor at the date of his adjudication that he had a right to appeal but he would have to wait and see if the disposition were had within ninety days.

I think that the law would require the Court to advise and admonish a minor of his right to appeal if it appeared or if it was a fact that disposition would not occur within the ninety days.

I do not feel that the fact that the minor was not advised at the time of the adjudication was so prejudicial against him so as to require that the order of adjudication be vacated."

The trial court then heard evidence and entered the order fixing the disposition. Supreme Court Rule 604(d) provides that a motion to withdraw a plea shall be filed within 30 days of the imposition of sentence. On February 13, 1979, defendant again filed a motion to vacate the adjudication and withdraw the plea alleging substantially the same issues.

The State's Attorney argues that the statements made upon the grant of immunity were clearly limited to "immunity from the use of his testimony", and that sections 106—1 and 106—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, pars. 106—1 and 106—2) "do not govern the present immunity agreement." While admitting that the statutory provisions create transactional immunity, he contends that "they do not preclude the parties, with the consent of the court from agreeing upon a more limited form of immunity. Such a limited agreement was reached here, and it should be enforced according to its terms."

■■ On the contrary, the trial court has no inherent power to grant immunity but may only do so by virtue of statutory authority. *People v. Rockola* (1930), 339 Ill. 474, 171 N.E. 559; *People v. English* (1964), 31 Ill. 2d 301, 201 N.E.2d 455; *People ex rel. Kunce v. Hogan* (1976), 37 Ill. App. 3d 673, 346 N.E.2d 456.

Section 106—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 106—1) provides that upon motion of the State's Attorney the trial court "may order that any material witness be released from all liability to be prosecuted or punished on account of any testimony or other evidence he may be required to produce."

Section 106—2 states the effect of immunity:

"Such order of immunity shall forever be a bar to prosecution against the witness for any offense shown in whole or in part by such testimony * * *."

Section 2—16 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 2—16) provides:

" 'Prosecution' means all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case on appeal."

The supreme court has held that the statutory provisions in sections 106—1 and 106—2 provide transactional immunity, and: "It [the language of the statute] does not provide in any manner for the transmutation of that transactional immunity into use immunity * * *." *People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, 550, 363 N.E.2d 835, 837.

■ At the time of the grant of immunity the prosecution was in a pending and incomplete status. By the language of the statute creating transactional immunity, defendant was released from all further prosecution or punishment. *Cruz.*

The orders of the trial court are reversed and the cause is remanded with directions to vacate the several orders and dismiss the delinquency proceedings.

Reversed and remanded with directions.

REARDON, P. J., and MILLS, J., concur.