**Gary STATEN, Petitioner–Appellant,**

v.

**Michael V. NEAL, Warden, Danville Correctional Center, and Neil F. Hartigan, Attorney General, State of Illinois, Respondents–Appellees.**

No. 88–2965.

United States Court of Appeals,
Seventh Circuit.

Argued April 6, 1989.

Decided July 26, 1989.

Allen H. Andrews, Office of the State Appellate Defender, Springfield, Ill., for petitioner-appellant.

Nathan P. Maddox, Asst. Atty. Gen., Office of the Atty. Gen. Crim. Appeals Div., Springfield, Ill., for respondents-appellees.

Before WOOD, Jr., MANION, and KANNE, Circuit Judges.

WOOD, Jr., Circuit Judge.

Plaintiff-appellant Gary Staten appeals the district judge's denial of his petition for writ of habeas corpus. He argues that he pleaded guilty to a robbery charge in Iowa, relying on a state's attorney's promise in Illinois that he would not be prosecuted for the separate charge of escape in Illinois. Contrary to what was promised, Staten was prosecuted and convicted of the escape charge in Illinois. The State admits that a state's attorney had agreed not to prosecute Staten but claims that the state's attorney did not have authority to make this promise for the state's attorney of another county. Staten now argues that the prosecution for escape was fundamentally unfair and violated the Due Process Clause of the Fourteenth Amendment. We must reject Staten's contention and affirm the district court's decision.

## I. FACTUAL BACKGROUND

The facts are not in dispute and we summarize them from the Illinois Appellate Court's opinion. *See People v. Staten*, 158 Ill.App.3d 971, 110 Ill.Dec. 761, 511 N.E.2d 938, *appeal denied*, 117 Ill.2d 552, 115 Ill. Dec. 408, 517 N.E.2d 1094 (1987); 28 U.S.C. § 2254(d). Staten was imprisoned in the Vandalia Correctional Center in Fayette County, Illinois prior to his transfer on February 24, 1982 to the Urbana Community Correctional Center in Champaign County, Illinois under a work release program. On March 24, 1982 Staten departed from the Urbana facility on a three-hour pass. The three hours stretched into more than three months when he did not return, and a warrant charging escape, in violation of Ill.Rev.Stat. ch. 38, ¶ 1003–6–4(a) (1985), was issued for his arrest. *See Staten*, 158

Ill.App.3d at 973, 110 Ill.Dec. at 762, 511 N.E.2d at 939.

Staten remained at large until August 26, 1982 when he was arrested in Indianapolis, Indiana pursuant to an Iowa warrant charging Staten with robbery. The Indianapolis police notified Illinois authorities of Staten's arrest but returned Staten to Iowa. Prior to trial, the Iowa prosecutor contacted the Illinois Department of Corrections (DOC) to determine if Illinois would waive prosecution on the escape charge. DOC told the Iowa prosecutor that the prosecutor would have to ask the responsible state's attorney. DOC then checked its records and determined that, before the escape, Staten had been imprisoned in the Vandalia Correctional Center in Fayette County, Illinois. DOC's records did not show that Staten had been transferred out of Fayette County and DOC told the Iowa prosecutor to contact the Fayette County State's Attorney. The Iowa prosecutor contacted the Fayette County State's Attorney and asked him if he would waive prosecution of the escape charge. The Fayette County State's Attorney checked his records. Like the DOC records, his records indicated that Staten had been imprisoned only in Fayette County. The Fayette County State's Attorney then waived prosecution of the Illinois escape charge. After receiving this assurance from the Fayette County State's Attorney, Staten pleaded guilty to second degree robbery in Iowa. The Iowa judge sentenced Staten for a maximum term of ten years. *See Staten,* 158 Ill.App.3d at 973, 975, 980-81, 110 Ill.Dec. at 762-63, 767-68, 511 N.E.2d at 939-40, 944-45.

On May 27, 1986 Iowa authorities released Staten and returned him to Illinois. The Champaign County State's Attorney, who had not been consulted by either the Fayette County State's Attorney or the Iowa prosecutor, proceeded to prosecute Staten for escape upon his return from Iowa. Staten was convicted in a bench trial and sentenced to three years imprisonment. The Illinois Appellate Court affirmed Staten's Illinois conviction, holding that a state's attorney in one county could not bind a state's attorney in another coun-

ty under Illinois law. The Illinois Supreme Court denied review.

Staten then filed a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. He charged that the prosecution was fundamentally unfair and violated the Due Process Clause. The district judge denied the writ of habeas corpus and Staten appeals. *See* 28 U.S.C. § 2253.

## II. ANALYSIS

The Due Process Clause of the Fourteenth Amendment requires the government to treat a criminal defendant with fundamental fairness. *See* U.S. Const. amend. XIV. As a general rule, fundamental fairness means that the courts will enforce promises made during the plea bargaining process that induce a criminal defendant to waive his constitutional rights and plead guilty. *See Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).

The Iowa prosecutor in good faith promised Staten that he would not be prosecuted in Illinois if he pleaded guilty in Iowa. This promise was not kept in Illinois. Normally, Staten would challenge his Iowa conviction and the courts would determine whether the conviction should be vacated. *See Santobello,* 404 U.S. at 262-63, 92 S.Ct. at 498-99. Staten, however, is unable to challenge his Iowa conviction. He completed his Iowa sentence before the Champaign County State's Attorney prosecuted him in arguable violation of the Iowa plea agreement. Staten can only obtain relief by challenging his Illinois conviction. Interpreting *Santobello* narrowly, we could find that Staten is challenging the wrong conviction and end our inquiry there. We do not read the Due Process Clause and Supreme Court precedents so restrictively, however, and proceed to analyze the unique circumstances of Staten's claim.

The State does not dispute that the Fayette County State's Attorney agreed that he would not prosecute Staten for Staten's Illinois escape if Staten pleaded guilty in Iowa. Nor does the State challenge Staten's assertion that this promise induced

him to plead guilty in Iowa. Despite these admissions, the State maintains that the Champaign County State's Attorney validly prosecuted Staten because the Fayette County State's Attorney did not have authority to waive prosecution of an offense that occurred in Champaign County.

The issue then, described as succinctly as possible, is whether the Due Process Clause prohibits a state's attorney in Illinois, whose jurisdiction includes the county in which the crime was committed, from prosecuting a defendant when a state's attorney from another Illinois county promised the defendant that he would not be prosecuted. Both parties seem to agree that the resolution of this issue hinges upon a question of Illinois law: whether the Fayette County State's Attorney (the state's attorney who made the promise) had authority to bind in a plea agreement the Champaign County State's Attorney (the state's attorney who nevertheless prosecuted Staten).

The Illinois Supreme Court has not determined whether a state's attorney in one county can waive prosecution for a crime committed in another county. The Illinois Supreme Court has, however, ruled that a state's attorney in one county binds state's attorneys in other counties when he grants transactional immunity under Ill.Rev.Stat. ch. 38, ¶ 106–1 (1985). *See People ex rel. Cruz v. Fitzgerald,* 66 Ill.2d 546, 550–51, 6 Ill.Dec. 888, 890, 363 N.E.2d 835, 837 (1977). According to the Illinois Supreme Court in *Fitzgerald,* the language of the pertinent statutory section plainly indicates that the legislature did not intend to limit transactional immunity to charges brought only by the state's attorney who gave the immunity. *See id.* Staten does not claim that he received transactional immunity, or that the legislature has spoken with regard to the unusual circumstances before us. The Illinois Supreme Court's ruling in *Fitzgerald,* therefore, does not apply to Staten's claim.

When the state's highest court has not ruled on an issue of state law, the federal courts must determine the matter after giving "proper regard" to rulings by the state's lower courts. *See Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). Therefore we consider the opinion published by the Illinois Appellate Court when it affirmed Staten's conviction on direct appeal.

Relying on the Illinois Constitution, *see* Ill. Const. art. VI, § 19, and an Illinois statute, *see* Ill.Rev.Stat. ch. 14, ¶¶ 4, 5 (1985), the Illinois Appellate Court determined that the Fayette County State's Attorney could not waive prosecution for an offense occurring outside of Fayette County. *Staten,* 158 Ill.App.3d at 976, 110 Ill. Dec. at 764, 511 N.E.2d at 941. The Illinois Constitution provides for the election of a state's attorney in each county (or in two or more counties under circumstances not applicable here). *See* Ill. Const. art. VI, § 19. The statute states that "[t]he duty of each State's attorney shall be: (1) To commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." Ill.Rev.Stat. ch. 14, ¶ 5(1) (1985). Staten was prosecuted for escape in violation of Ill.Rev.Stat. ch. 38, ¶ 1003–6–4(a) (1985). Paragraph 1003–6–5 provides that "[w]hen any person is charged with committing an offense while confined by the Department [of Corrections], cognizance thereof shall be taken by the circuit court of *the county wherein such crime was committed.*" Ill.Rev.Stat. ch. 38, ¶ 1003–6–5 (1985) (emphasis added). Taken together, these provisions support the Illinois Appellate Court's determination that the Fayette County State's Attorney had no authority to promise not to prosecute an offense that occurred in Champaign County. *See also People v. Centanni,* 164 Ill.App.3d 480, 492, 115 Ill.Dec. 521, 528–29, 517 N.E.2d 1207, 1214–15 (1987) (agreeing with the appellate court in *Staten* that unilateral, unlimited power of one county state's attorney to bind another is not condoned by the court); *cf. People v. Click,* 22 Ill.App.3d 89, 316 N.E.2d 808 (1974) (plea bargain dismissing charges in Ogle County only applies to charges addressed in negotiations with Ogle County State's Attorney and does not apply to

Kane County pending charges because those were not negotiated with Kane County State's Attorney).

Staten counters that *People v. Schmitt,* a recent decision by the Illinois Appellate Court for the First District, supports the opposite conclusion. *See People v. Schmitt,* 173 Ill.App.3d 66, 122 Ill.Dec. 886, 527 N.E.2d 384, *appeal granted,* 122 Ill.2d 589, 125 Ill.Dec. 231, 530 N.E.2d 259 (1988).[1] The First District remanded *Schmitt* to the trial court and ordered the trial court to conduct an evidentiary hearing to determine the terms of the cooperative agreement reached by Schmitt and agents of the Illinois Department of Law Enforcement. *See Schmitt,* 173 Ill.App.3d at 106, 122 Ill.Dec. at 910, 527 N.E.2d at 408. The First District further ordered the trial court to determine if the terms of the agreement had been broken and, if they had, to vacate Schmitt's conviction and to dismiss the indictment. *Id.*

The court in *Schmitt* gave short shrift to the issue of whether Department of Law Enforcement agents had authority to offer leniency to Schmitt in return for his cooperation and summarily held that the agents were agents of the state. *See Schmitt,* 173 Ill.App.3d at 101, 122 Ill.Dec. at 907, 527 N.E.2d at 405 ("Here no question can be raised that the agents were not agents of the State of Illinois"). The court moved immediately to the issues of whether a promise existed and whether failure to meet the terms of the alleged promise violated the Due Process Clause. *See Schmitt,* 173 Ill.App.3d at 99, 101, 122 Ill. Dec. at 905, 907, 527 N.E.2d at 403, 405. Unlike the state's attorneys who are independent of each other, the Department of Law Enforcement agents are affiliated to the state's attorneys through their work. The Department of Law Enforcement agents must work in cooperation with the prosecuting attorney to build the case. State's attorneys, however, work independently of each other. The *Schmitt* court gave little explanation for its finding of

agency and addressed a relationship that is different from the relationship between the Fayette County State's Attorney and the Champaign County State's Attorney. We do not find *Schmitt* persuasive then on this issue. Staten fails to refute the conclusion of the Illinois Appellate Court, reached after full consideration, that the Fayette County State's Attorney lacked the authority to waive the prosecution of his escape from a Champaign County facility.

Staten argues that, regardless of whether the Fayette County State's Attorney had actual authority to enter the plea agreement, the Fayette County State's Attorney acted with inherent authority, and therefore, his promise should be enforced. He notes that courts often adopt contract principles when examining the fairness of plea bargaining. *See Cooper v. United States,* 594 F.2d 12, 16 (4th Cir.1979). Applying contract principles, Staten contends that the Fayette County State's Attorney's position as a state's attorney led Staten to believe that the Fayette County's State's Attorney had the authority to negotiate regarding the escape charge. *Cf.* Restatement (Second) of Agency § 161.

Although contract and agency principles may provide some guidance in addressing plea bargaining issues, they are not controlling. *Cooper,* 594 F.2d at 16–17. We nevertheless use the analogy to an agency relationship as a vehicle for illustrating and addressing the unique circumstances of Staten's due process claim. The doctrine of inherent agency authority presupposes that one party is an agent of another party, the principal, and that it is this agency relationship which causes the third party to assume that the words and actions of the agent are also those of the principal. *See* Restatement (Second) of Agency §§ 8A, 161 comments a & b. Staten claims that the Fayette County State's Attorney was an agent of the State of Illinois. As we have already noted, this analysis is only partially correct because the State has in-

---

**1.** Counsel for the State advised us at oral argument that he had reviewed the briefs submitted to the Illinois Supreme Court in *People v. Schmitt* and that the briefs indicate that the Illinois Supreme Court will not address whether the Department of Law Enforcement agents are agents of the state.

vested the state's attorneys with agency authority only in their respective counties. State's attorneys are explicitly authorized by statute to prosecute actions in the circuit court of their respective counties. *See* Ill.Rev.Stat. ch. 14 ¶ 5(1) (1985). Their jurisdiction does not extend to other counties. The Fayette County State's Attorney had no actual authority from the State to prosecute actions outside of his county. Without actual authority to prosecute actions outside his county, the Fayette County State's Attorney could not have inherent authority to enter into a plea agreement regarding a violation that occurred outside his county. Inherent authority only extends to those actions which normally would be considered a part of the agent's actual responsibilities.

Similarly the Fayette County State's Attorney acted without apparent authority. In order for there to be apparent authority, a party must have, through its words and actions, indicated to a third party that another party was empowered to act as its agent. *See* Restatement (Second) of Agency § 8. The State of Illinois did not represent that the Fayette County State's Attorney was its agent in counties outside the county in which he was elected. *See* Ill. Rev.Stat. ch. 14 ¶¶ 4, 5 (1985). We presume that a resident of Illinois knows the content of its laws and therefore is bound by them. We would presume therefore that Staten, as a former resident of Illinois, was aware of the law at the time of his escape. Furthermore, Staten knew that he escaped in Champaign County, not Fayette County. The law as created by the State of Illinois did not imply that a state's attorney could bind the State in another state's attorney's jurisdiction when negotiating a plea agreement.

*United States v. Long*, 511 F.2d 878 (7th Cir.1975), supports this conclusion. In *Long* we held that the federal government was not bound by an agreement made by the defendant and state agents. We stated that "the existence of an agency relationship was essential to support" the enforcement of the agreement made. 511 F.2d at 881. Because the state agents acted without actual or apparent federal authority,

their promise to the defendant did not bind the United States Attorney. As in *Long*, the Fayette County State's Attorney acted without apparent or actual authorization from the Champaign County State's Attorney. The state's attorneys act independently of each other and without a common sovereign. *Cf. United States v. Jordan*, 870 F.2d 1310, 1313–14 (7th Cir.1989) (prosecution by both state and federal sovereigns for charges based on same incident does not violate Due Process Clause).

Similarly we do not find the cases cited by Staten involving promises made by United States Attorneys to be persuasive. *See United States v. Partida–Parra*, 859 F.2d 629, 635 (9th Cir.1988); *United States v. Harvey*, 791 F.2d 294, 303 (4th Cir.1986); *Palermo v. Warden*, 545 F.2d 286, 296 (2d Cir.1976), *cert. dismissed*, 431 U.S. 911, 97 S.Ct. 2166, 53 L.Ed.2d 221 (1977); *Correale v. United States*, 479 F.2d 944, 948–50 (1st Cir.1973); *United States v. Carter*, 454 F.2d 426, 427–28 (4th Cir.1972) (*en banc*), *cert. denied*, 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974); *cf. United States v. Annabi*, 771 F.2d 670, 672 (2d Cir.1985). State's attorneys in Illinois work for their respective counties, not the State Attorney General. United States Attorneys, on the other hand, work for, are accountable to, and can be controlled by one central authority—the Attorney General of the United States. While United States Attorneys arguably speak for the entire federal government, the same cannot be said of state's attorneys in Illinois.

This is an unfortunate case for which the defendant is less to blame than the Fayette County State's Attorney. The law does not, however, require or even permit reversal of Staten's conviction. Although the United States Constitution may not compel one state's attorney to honor a promise made in good faith but without authority by another state's attorney, it would seem, except in an unusual case, that fairness would dictate adherence to it. This situation, although hopefully rare, may suggest some consideration by the Illinois legisla-

ture to avoid repetition. That however offers Staten no relief. We AFFIRM.