THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
LEONARD GAINES, Defendant-Appellee.

First District (6th Division)   No. 1—86—1555

Opinion filed September 1, 1989.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Thomas V. Gainer, Jr., Kathleen A. Bom, and Diane N. Walsh, Assistant State's Attorneys, of counsel), for the People.

Law Offices of Samuel V.P. Banks, of Chicago (Terrence P. LeFevour, of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

Defendant, Leonard Gaines, was charged by three separate indictments with conspiracy, theft, unlawful possession of a stolen mo-

tor vehicle, misrepresentation of the identity of a motor vehicle, and perjury. Defendant moved to dismiss the indictments, contending that prosecution was barred by virtue of a grant of immunity entered in the United States District Court for the Northern District of Illinois, and the trial court sustained defendant's motion. On appeal, the State contends that the trial court erred in dismissing the indictments against defendant.

The record reveals that the indictments against defendant were returned by a Cook County grand jury on July 18, 1984. While these indictments were pending, defendant was called to testify as a witness in the case of *United States of America v. James Basile, et. al.*, No. 84—Cr—727, in the United States District Court for the Northern District of Illinois, Eastern Division. Defendant refused to testify, asserting his right to remain silent under the fifth amendment to the United States Constitution. (U.S. Const., amend. V.) On February 20, 1985, the district court judge presiding over the *Basile* trial granted defendant immunity pursuant to section 6002 of Title 18 of the United States Code (18 U.S.C. §6002 (1970)) and compelled defendant to testify. Much of defendant's immunized testimony concerned facts and circumstances surrounding the crimes charged in the indictments then pending in the circuit court of Cook County. Defendant denied his guilt of these charges.

On May 9, 1985, defendant filed a motion in the State court to dismiss the indictments against him, alleging that the subject matter of the case against James Basile in Federal court was relevant to these indictments and that by that court's grant of immunity he is immune from further prosecution relating to those charges in the State indictments. The prosecution objected to the dismissal of the indictments, asserting that the Federal court had accorded defendant only *use and derivative use immunity* rather than *transactional immunity* as provided by the Illinois immunity provision. (Ill. Rev. Stat. 1985, ch. 38, pars. 106—1, 106—2.) The prosecutor also indicated that he did not intend to utilize any evidence resulting from defendant's testimony before the Federal court because the State's evidence had been developed from sources and leads other than the defendant's immunized testimony in the Federal court and because defendant had been indicted before he was called as a witness in the case against James Basile.

The trial court found that the language in the Federal court's order granting immunity was similar to the language employed by the Illinois immunity provision and made a finding of fact that *transactional immunity* had been granted as opposed to *use immunity*. The

court did not, however, dismiss the indictments at that time, and the case was continued for trial. The prosecution brought a motion to reconsider the court's finding of *transactional immunity*, which was denied. The defendant requested that the case be set for trial, and the prosecution sought a ruling on defendant's original motion to dismiss. The trial court then granted the defendant's original motion and ordered the indictments against him dismissed. The State has appealed the entry of this order.

■ The State asserts that the trial court's dismissal of the indictments against defendant was erroneous because the immunity granted under the Federal court's order afforded defendant *use and derivative use immunity* rather than *transactional immunity*. The Federal witness immunity statute provides in pertinent part:

"[N]o testimony or other information compelled under the [court's] order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order." (18 U.S.C. § 6002 (1970).)

This provision has been construed to afford the witness *use and derivative use immunity*. *Kastigar v. United States* (1972), 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653.

The statutes authorizing witness immunity in Illinois provide as follows:

"In any investigation before a Grand Jury, or trial in any court, the court on motion of the State may order that any material witness be released from all liability to be prosecuted or punished on account of any testimony or other evidence he may be required to produce." Ill. Rev. Stat. 1985, ch. 38, par. 106—1.

"Such order of immunity shall forever be a bar to prosecution against the witness for any offense shown in whole or in part by such testimony or other evidence except for perjury committed in the giving of such testimony." (Ill. Rev. Stat. 1985, ch. 38, par. 106—2.)

These provisions have been held to confer *transactional immunity* upon a witness compelled to testify in an Illinois court. *People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, 363 N.E.2d 835.

■ The difference between *transactional immunity* and *use and derivative use immunity* was discussed in *People ex rel. Cruz v. Fitzgerald*:

"Under *use immunity*, a witness' compelled testimony or

leads derived therefrom [derivative use] may not be used in his prosecution. Under *transactional immunity*, however, the witness is fully immunized from prosecution for any offenses to which his compelled testimony may relate. See *Kastigar v. United States* (1972), 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653." (Emphasis added.) *People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, 549, 363 N.E.2d 835, 836-37.

■■ A grant of immunity seeks an accommodation between the right of the government to compel testimony and the constitutional privilege against self-incrimination. *Use and derivative use immunity* leaves the witness and the prosecution in substantially the same position as if the witness had claimed the fifth amendment privilege. Thus, it is coextensive with the scope of the privilege against self-incrimination and is sufficient to compel testimony over a claim of the privilege. The Federal immunity statute and the fifth amendment grant neither pardon nor amnesty. Both the statute and the fifth amendment allow the government to prosecute using evidence from legitimate, independent sources. *Kastigar*, 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653.

■ Although a grant of immunity must afford protection commensurate with that afforded by the fifth amendment privilege against self-incrimination, it need not be broader. *Transactional immunity*, which accords full immunity from prosecution for the offense to which the compelled testimony relates, affords the witness considerably broader protection than does the fifth amendment privilege. *Kastigar*, 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653.

■ A grant of immunity by either State or Federal authority shall be recognized by the nonimmunizing sovereign. (*Murphy v. Waterfront Comm'n* (1964), 378 U.S. 52, 12 L. Ed. 2d 678, 84 S. Ct. 1594.) The question posed in the instant case concerns the scope of the immunity that defendant was entitled to claim in the case against him in the circuit court of Cook County. The Federal court granted immunity to the witness from prosecution based on the use of the compelled testimony or evidence derived or developed from the testimony. This differs from *transactional immunity*, which fully immunizes the witness from prosecution for any offense related to his compelled testimony. (*Kastigar*, 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653.) The State has asserted that defendant was entitled only to *use and derivative use immunity* because that was the type of immunity granted by the Federal court prior to compelling defendant's testimony in the prosecution of James Basile.

The defendant contends that the circuit court properly dismissed

the indictments against him, affording him *transactional immunity* as authorized by sections 106—1 and 106—2 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1985, ch. 38, pars. 106—1, 106—2.) Relying on *People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, 363 N.E.2d 835, and on *In re R.L.W.* (1979), 78 Ill. App. 3d 521, 397 N.E.2d 530, defendant asserts that the language of these statutes does not provide in any manner for the transmutation of *transactional immunity* into *use immunity*. In both of these cases, the witness' *transactional immunity* was granted under sections 106—1 and 106—2 of the State statute, and the courts were required to determine the effect of that immunity upon other State prosecutions. Thus, although these two cases support the defendant's assertion, they are factually distinguishable from the case at bar and are not controlling.

Defendant contends that the circuit court was required to afford him *transactional immunity* because the Illinois statute does not provide for a grant of *use and derivative use immunity*. This argument is without merit. Although the trial judge in the instant case was obligated to honor the Federal court's grant of immunity, he was not required to again grant defendant immunity under the Illinois statute. The case was before the court on defendant's motion to dismiss the indictments based solely on the immunity order entered in the Federal prosecution of a different defendant. The motion to dismiss the indictments sought a finding by the trial court that the language of sections 106—1 and 106—2 must be substituted for the restrictive language of the Federal court's order and with the effect of expanding the immunity actually granted into the broader language of the State statute. This defendant's motion sought dismissal of the indictments. It did not request a new grant of immunity under the State statute and, therefore, the court's reliance on sections 106—1 and 106—2 was unnecessary and inappropriate.

The facts in the case at bar can be compared to those of *In re Bianchi* (1st Cir. 1976), 542 F.2d 98. There, the witness invoked his fifth amendment privilege when called to testify in a Federal proceeding and was granted *use and derivative use immunity*. (18 U.S.C. §§6002, 6003 (1970).) The witness persisted in his refusal to testify and was subsequently found in contempt. On appeal, he asserted, *inter alia*, that the immunity afforded him was inadequate when compared to the *transactional immunity* guaranteed by State law. The United States Court of Appeals rejected this argument, finding that the Federal government was not required to grant the same type of immunity that the State would grant if it were seeking

the compelled testimony. (*Bianchi*, 542 F.2d at 101.) Thus, the immunity granted under the Federal provision need not confer *transactional immunity* merely because a similar State provision would do so. See also *United States v. Kuehn* (7th Cir. 1977), 562 F.2d 427.

■■ Defendant's claim must also be rejected because he was indicted in State court prior to being called as a witness and receiving immunity in the Federal proceeding. The State indicated that the evidence to be presented against defendant had been acquired through an investigation prior to defendant's indictment on July 18, 1984, and was entirely independent of the testimony before the Federal court after the grant of immunity on February 20, 1985. The prosecutor assured the trial court that he did not intend to utilize any evidence resulting from or derived from defendant's testimony before the Federal court. The Federal grant of immunity served to compel defendant's testimony without compromising his fifth amendment privilege. Consequently, the defendant was immune from prosecution only insofar as the prosecution was based on evidence elicited after the grant of immunity was ordered and he was compelled to testify. See *United States v. Romano* (1st Cir. 1978), 583 F.2d 1.

■■ Finally, we note that when defendant testified before the district court in the case against Basile, he denied his guilt of each of the crimes charged in the State indictments. Thus, his fifth amendment privilege would not be compromised if he were afforded only *use and derivative use immunity* in the State's case against him.

For the foregoing reasons, the order of the circuit court of Cook County is reversed.

Order reversed.

McNAMARA and QUINLAN, JJ., concur.