THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DEMETRIOS GIOKARIS, Defendant-Appellee.

Second District    No. 2—91—0836

Opinion filed April 2, 1993.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael A. Pedicone, of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Demetrios Giokaris, was charged by indictment with five counts of theft and one count of attempted theft. Defendant filed a motion to dismiss based on his previous receipt of immunity from the State. Following argument, the trial court granted defendant's motion. The State appeals, contending the dismissal was improper because it is possible to give a defendant limited immunity rather than full transactional immunity. We affirm.

On or about February 20, 1990, defendant was served a grand jury subpoena *duces tecum* requesting 46 of his patients' records and other records. Following a hearing on defendant's motion to quash based upon physician-patient privilege, Judge Bowman entered an order conferring immunity upon defendant at the prosecutor's request. Judge Bowman's order stated:

"[T]hat pursuant to the motion of the People under Ill. Rev. Stat. ch. 38, section 106, the petitioner is granted act of production immunity; further, the witness is hereby released from all liability to be prosecuted or punished on account of his act of producing the documents and the compelled testimonial statements that accompany the production of the described documents."

Defendant subsequently appeared on June 22 and August 31, 1990, before the grand jury in response to the subpoena and immunity order, produced certain documents concerning his patients' records and provided certain testimony as requested.

Defendant was charged by indictment with six offenses related to his grand jury appearance. Defendant was charged with three counts of theft: (1) relating to cashing checks for services allegedly not rendered but billed; (2) two counts of attempted theft, relating to issuing a bill for services allegedly not rendered, and allegedly double billing for services rendered; and (3) one count of conspiracy to commit theft for allegedly double billing for services rendered. Count VI, charging attempted theft for allegedly double billing for services rendered, was dismissed upon the State's motion to nol-pros. Defendant's motion to dismiss count IV charging attempted theft was granted on statute of limitations grounds.

Defendant eventually filed a motion to dismiss the remaining counts of the indictment on the ground that he had previously been granted transactional immunity, "the effect of which was to have re-

leased him from all liability to be prosecuted or punished on account of his production of his records and his testimony concerning his records produced in response to the subpoena." The State responded that the decision in *In re January 1986 Grand Jury No. 217* (1987), 155 Ill. App. 3d 445, recognized the possibility of giving defendant limited "production" immunity which would not release defendant from liability in this case.

After several discussions and formal arguments, the trial judge dismissed the indictment after determining (1) that the Illinois Supreme Court opinion *People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, controls over the decision of the Appellate Court, First District, in *In re January 1986 Grand Jury No. 217* and (2) that even if the supreme court endorsed the *In re January 1986 Grand Jury No. 217* case, the prosecutor's questioning before the grand jury exceeded the limited questioning that might have been permitted. Consequently, dismissal of the indictment was proper. The State appeals, contending that *In re January 1986 Grand Jury No. 217* applies here because it allows a grant of immunity limited to the testimonial aspects of the act of producing subpoenaed documents.

Specifically, the State contends that *In re January 1986 Grand Jury No. 217* presented an issue essentially identical to the one in this case. The State contends that in that case defendants were granted "production immunity" for admitting that certain documents were in existence and for producing them, but not with respect to any crimes the documents might reveal were committed. Defendants continued to assert their fifth amendment privilege claiming that the limited grant of immunity did not adequately protect that privilege. The defendants were held in contempt for refusing to produce the subpoenaed documents. In discussing the scope of the immunity to which the defendants were entitled, the court first noted that article I, section 10, of the Illinois Constitution (Ill. Const. 1970, art. I, §10) creates a privilege identical to the fifth amendment and that Illinois courts will follow decisions of the United States Supreme Court on identical State and Federal constitutional provisions. The court then noted that the scope of the fifth amendment protection afforded to voluntarily kept documents was analyzed in *United States v. Doe* (1984), 465 U.S. 605, 79 L. Ed. 2d 552, 104 S. Ct. 1237, wherein it was held that the contents of such documents were not privileged, but the act of producing the documents, *i.e.*, admitting that the documents (1) exist, (2) are the documents sought by the subpoena, and (3) are in the defendant's custody, may be privileged. The Appellate Court, First District, therefore concluded that in order to compel production of records the State was

required to grant the defendants immunity for the *act of producing* the documents and compelled *testimonial statements* that accompany that production.

Like the defendant here, the defendants in *In re January 1986 Grand Jury No. 217* argued that the transactional immunity granted by section 106—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 106—1) cannot be transmuted into anything less than full transactional immunity. The court rejected this argument, stating:

> "We agree with the Bernsteins that transactional immunity may not be transmuted into anything short of a prohibition against the prosecution for all offenses to which the compelled evidence relates. [Citations.] The compelled testimony for which the State has offered immunity is that the records sought exist, are in the Bernsteins' possession, and are the records sought by the subpoena. The Bernsteins maintain that even this testimony 'relates' to the crimes of State income and sales tax fraud which the State seeks to pursue. We believe, however, that compelled testimony that the records exist and are in the Bernsteins' possession does not relate to the crimes of tax fraud. Immunity for the act of production is narrow and protects the Bernsteins only from prosecution for any crimes which are revealed by the existence or possession of the requested records.

> Moreover, pursuant to *Doe*, the contents of the records are not protected. *Any evidence revealed by the contents of the documents which would aid the State in its prosecution can be used.* The immunity order issued by the trial court is in accordance with these findings. We therefore find that the immunity order was proper and we refuse to issue the requested writ of prohibition sought by the Bernsteins prohibiting the State from continuing its investigation and prosecution." (Emphasis added.) *In re January 1986 Grand Jury No. 217*, 155 Ill. App. 3d at 451.

Consequently, the State here contends that *In re January 1986 Grand Jury No. 217* conclusively demonstrates that it is possible to grant the type of "production" immunity given to the defendant here without violating section 106—1 or the holding of *People ex rel. Cruz v. Fitzgerald.* Specifically, the State contends that the evidence revealed in the documents produced by defendant may be used to prosecute defendant, even though defendant's *act of producing the documents* and his *testimony* concerning their contents may not be used

against him. Consequently, the State urges this court to reverse the dismissal of the indictment, based on *In re January 1986 Grand Jury No. 217.*

■ We disagree. Section 106—1 of the Code of Criminal Procedure provides:

"In any investigation before a Grand Jury, or trial in any court, the court on motion of the State may order that any material witness be released from all liability to be prosecuted or punished on account of any testimony or other evidence he may be required to produce." (Ill. Rev. Stat. 1989, ch. 38, par. 106—1.)

Section 106—2 of the Code of Criminal Procedure sets forth the effect of the immunity:

"Such order of immunity shall forever be a bar to prosecution against the witness for any offense shown in whole or in part by such testimony or other evidence except for perjury committed in the giving of such testimony." Ill. Rev. Stat. 1989, ch. 38, par. 106—2.

■ As defendant correctly points out, the immunity provided for in sections 106—1 and 106—2 is transactional and not use immunity. Our supreme court made this clear in *People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, when it stated:

"We deem it clear that the language of sections 106—1 and 106—2 of the Code of Criminal Procedure of 1963 [citation] provides for a grant of transactional immunity." (66 Ill. 2d at 550.)

Transactional immunity, which accords full immunity from prosecution for the offense to which the compelled testimony (production) relates, affords the witness considerably broader protection than does the use and derivative use immunity or fifth amendment privilege. (See *Kastigar v. United States* (1972), 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653; *People v. Gaines* (1989), 188 Ill. App. 3d 451.) This precedent has been followed uniformly by our State's appellate court. (See *Gaines*, 188 Ill. App. 3d 451; *People v. Goodwin* (1986), 148 Ill. App. 3d 56; *In re R.L.W.* (1979), 78 Ill. App. 3d 521.) Moreover, a grant of immunity under statutory authority must be in strict compliance with the terms of the statute. *People v. Hamm* (1985), 136 Ill. App. 3d 11, 23.

Defendant correctly points out that the Illinois Supreme Court decision in *People ex rel. Cruz v. Fitzgerald* is controlling. The defendant in *Cruz* was indicted by a Du Page County grand jury for theft. He was subsequently subpoenaed before a Cook County grand jury investigating a homicide, and an order of immunity in Cook County was

42

entered. Defendant testified before the Cook County grand jury to matters that related to his Du Page County indictments. The defendant's motion to dismiss his Du Page County charges on the basis of his receipt of immunity was denied, and he filed an application for writ of prohibition to prevent the Du Page County judges from presiding over the trial and for a *mandamus* to prohibit the Du Page County State's Attorney from prosecuting him. The supreme court rejected the State's arguments that the Cook County grand jury immunity would be treated as use immunity:

> "It [the statute] does not provide in any manner for the transmutation of that transactional immunity into use immunity in prosecutions initiated under the local authority of another State's Attorney. We agree that the legislative failure to address this issue may have mischievous results when a grant of transactional immunity in one proceeding serves to wholly immunize a subject from prosecution in a second jurisdiction where the prosecutor may have completed the investigation and be ready to proceed to trial. However, where, as here, the statutory language is clear and unambiguous, there is no occasion for judicial construction. The statute's plain language must be given effect. Any correction of this result must come from the legislature." (66 Ill. 2d at 550-51.)

Consequently, nonlegislative attempts by the prosecution to transmute the transactional immunity granted under section 106—1 are ineffective, and the immunity remains transactional. (*People ex rel. Scott v. Walsh* (1980), 89 Ill. App. 3d 831, 833.) As defendant here correctly asserts, *Cruz* was decided 16 years ago, and the legislature has not since amended either section 106—1 or section 106—2.

■ Similarly, in a case decided by the Appellate Court, Fourth District, involving an apparently agreed order, the court rejected the State's arguments that immunity conferred upon a juvenile could be limited to immunity from the use of his testimony. (*In re R.L.W.*, 78 Ill. App. 3d 521.) While admitting that the statutory provisions create transactional immunity, the State argued that they do not preclude the parties with the consent of the court from agreeing on a more limited form of immunity. The court disagreed, noting that the trial court has no inherent power to grant immunity but may only do so by virtue of statutory authority. (78 Ill. App. 3d at 524, citing *People v. Rockola* (1930), 339 Ill. 474, *People v. English* (1964), 31 Ill. 2d 301, *People ex rel. Kunce v. Hogan* (1976), 37 Ill. App. 3d 673.) Relying on the Illinois Supreme Court's decision in *Cruz*, the court in *In re R.L.W.* noted that "the statutory provisions in sections 106—1 and

106—2 provide transactional immunity" (78 Ill. App. 3d at 524), and the language of the statutes " 'does not provide in any manner for the transmutation of that transactional immunity into use immunity' " (78 Ill. App. 3d at 524, quoting *Cruz*, 66 Ill. 2d at 550). The court concluded that, because the language of the statute provided full transactional immunity, the defendant was released from all further prosecution or punishment.

We note that the sole case relied upon by the State, *In re January 1986 Grand Jury No. 217*, has not been approved by any published decision in Illinois. Additionally, it is clear that one district of the State appellate court is not always bound to follow the decisions of other districts. (*In re May 1991 Will County Grand Jury* (1992), 152 Ill. 2d 381, 398.) Moreover, as explained above, we find that *In re January 1986 Grand Jury No. 217* conflicts directly with the supreme court decision in *Cruz* and contravenes the language in sections 106—1 and 106—2 of the Code of Criminal Procedure of 1963.

For the above reasons, the order of the circuit court of Du Page County dismissing the indictment against defendant is affirmed.

Affirmed.

INGLIS, P.J., and QUETSCH, J., concur.